26 131|
81 201|
26 131|
82 184|
82 651|

JOHN W. ROSE v. W. R. NEWMAN AND OTHERS.

However plenary the powers of the County Court may be upon the subject of a partition of a deceased person's estate, yet, when a sale of the property becomes necessary to carry out the partition, such sale must be made by the administrator, and cannot be made by a commissioner appointed by the County Court for the purpose, so as to divest the title of the heirs.

The appointment by the County Court of a commissioner to make sale of lands of an estate for partition among the heirs, is not warranted by law, and a sale so made conveys no title to the purchaser.

If there is no administrator, there can be no sale until one is appointed ;— the estate being vested in the heirs, subject only to such disposition of it as may be necessary to be made by the administrator under the orders of the court, to pay debts, make partition and the like.

Chief Justice Wheeler dissents in part from the above.

A Deputy Clerk of the County Court is authorized by law to take proof of deeds, &c., for record. An *obiter dictum* to the contrary in the case of Miller v. Thatcher, 9 Tex. R., 482, disapproved.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

The appellant, Rose, brought this suit against W. R. Newman, H. Grigg as administrator of Susan Ann Stephenson, and F. Chinault, for the purpose of obtaining a partition of a league and labor of land, the headright of Newman, situated in Gonzales county. The plaintiff claimed a one-sixth undivided interest in the tract by virtue of title deraigned from Newman.

The defendant, Chinault, claimed all or nearly all of the tract, also, by titles under Newman. To the extent of 2,952 acres, derived through Susan Ann Stephenson and Grigg, her administrator, Chinault's title was conceded by the plaintiff. But Chinault claimed a further interest of one-third undivided part of the

league and labor. This interest originated in a written contract, dated in March, 1838, between Newman and Byrd Lockhart, by which the former employed the latter to locate his headright certificate and clear out the patent from the Government, at Lockhart's sole expense, for which service Lockhart was to be entitled to one-third of the land. Lockhart died in 1839, and the land was patented to Newman in 1845. It does not clearly appear in the evidence that the location was made by Lockhart, though there was a receipt to him as "agent" of Newman for the public dues upon twenty-six labors of land, dated March 27th, 1839.

In October, 1853, certain persons, representing themselves as "the heirs and assignees of the heirs of Byrd Lockhart," filed in the County Court of Gonzales county their petition, of which the purport is set forth in the opinion,—which also shows the manner in which Chinault derived his claim to the locative one-third interest of Lockhart.

The contract between Newman and Lockhart was proved for record before a deputy clerk of the County Court of Gonzales county.

At the April term, 1856, this cause came to trial, and, a jury being waived, the court decreed that Chinault should first recover the 2,952 acres to be set apart to him where he should select; that he should also further recover one undivided third of the league and labor to be set apart to him, and that Rose, the plaintiff, should recover the remainder of the tract.

*G. M. Reid*, for the appellant.

*Stewart*, for the appellees.

Roberts, J. The evidence was not sufficient to sustain the decree in this case. The proof of the performance of the contract for the location of the land by Lockhart, was barely sufficient, if the case rested on that alone. But the title of Chinault to Lockhart's locative interest derived through the commissioner, S. B. Conley, judged by the facts presented in this case, is not complete.

Certain persons representing themselves as the heirs and as-

signees of the heirs of the estate of Lockhart, represent to the County Court of Gonzales county, in a petition filed by them, that the estate had been previously administered and closed; that a number of land claims, being interests for location, evidenced by bonds, &c., had not been disposed of during the previous administration; that an administration *de bonis non* was then pending; that said claims would be worthless under an ordinary partition amongst those interested in them; that a bond had been given by the heirs for the payment of all the debts due from said estate, and they pray that these claims may be sold without any lien, and that the proceeds be divided amongst those interested. The court granted an order in accordance with their prayer, and appointed S. B. Conley a commissioner to sell said claims and make title thereto, which he did. At said sale F. Chinault, who was one of the petitioners as assignee, purchased those claims to the amount of over eleven thousand acres of land, as appears by the sale bill, for twenty-eight dollars, one of which was the one-third of the league and labor of William Newman, the land now in controversy.

It does not appear for what reason administration of the estate of Lockhart was attempted after it had once been closed. In a similar case it was held by this court; that the administration was void for want of power in the court, and that it was subject to objection collaterally by one who was no party to the proceeding. (Fisk v. Norvell, 9 Tex. R., 13; see also Hurt v. Horton, 12 Tex. R., 285.)

But supposing that it had been shown that the court had full authority to grant the administration, there is another objection to this title in the fact that it was made by the commissioner Conley, instead of the administrator *de bonis non*. However plenary the powers of the County Court may be upon the subject of a partition of a deceased person's estate, when a sale of property becomes necessary to carry out the partition, the administrator must sell and execute his deed, to divest the estate of the title. The District Court might as well appoint a commissioner to levy upon and sell property in satisfaction of a judgment for money, while there was a Sheriff, as for the County Court to appoint a commis-

sioner to sell the land of an estate while there was an administrator. And if there was no administrator, from death or resignation, there could be no such action of the court until one was appointed. The estate is vested in the heirs, subject only to such disposition of it as may be necessary to be made by the administrator under the orders of the court, to pay debts, make partition and the like. It is therefore not a sale by any one who, through the authority of the County Court in the administration of Lockhart's estate, could make a title. Nor are the heirs necessarily estopped by it, so as to make it tantamount to a regular probate sale; for the object of the parties is transparent. It bears upon its face the marks of an extra-judicial proceeding for their own convenience, or profit; conforming in nothing either of form or substance to a regular proceeding for the partition of a deceased person's estate. It is an effort to use the court as an instrument to do what they could have done themselves, if they were the owners of the estate; and that in a way in no degree whatever conformable to the proceeding of partition, as known to the laws of this State. Regarded in this point of view, the County Court could not give judicial sanction to any part of the proceeding; and therefore to complete the title under Conley's deed, it should have been shown that these petitioners were the owners of the estate of Lockhart, as heirs or the assignees of the heirs. For this defect in the proof, the judgment must be reversed.

The point mainly relied on by counsel was the admission in evidence of Newman's bond to Lockhart, as a recorded instrument, it having been proved for record before a Deputy Clerk of the County Court. In Miller v. Thatcher, 9 Tex. R., 482, it was said, in referring to a question not decided in the case, that a Deputy Clerk of the County Court had no such authority. We are of opinion that he had such authority, and cannot therefore reverse this case on that ground.

In the organization of the courts and tribunals of the Republic in 1836, a great variety of duties was imposed upon the Clerk of the County Court, all of which constituted his duties in his capacity as "Clerk of the County Court." He was made Recorder for

Rose v. Newman.

his county, and was authorized to take the proof and acknowledgment of deeds, (and other instruments permitted to be recorded,) for record in his county.   (Hart. Dig., p. 833.)

In 1837 it was enacted by a statute, " that the Clerks of the several County and District Courts of this Republic be authorized to appoint a deputy, to whom they shall administer an oath faithfully to discharge the duties of their office, and shall in all cases be responsible for the conduct of their deputies."   (Hart. Dig., p. 152.)

The business and object of a deputy is to perform the duties of his principal.   Taking proof of instruments for record in his county, being one of the duties of the " Clerk of the County Court," his deputy had authority to perform it.

Judgment reversed and cause remanded for new trial.

WHEELER, C. J.   I concur in so much of the opinion as affirms the power of the Deputy Clerk of the County Court to take the acknowledgment or probate of deeds for registration, but not in all the views of the case taken by the majority of the court.

Reversed and remanded.