## T. E. JACKSON ET AL. v. J. D. HARBY ET AL.

### (Case No. 2191.)

1. INSTRUMENT CONSTRUED—MORTGAGE—ASSIGNMENT—FRAUD—EVIDENCE—A firm executed to two creditors a conveyance of its stock of merchandise, "in trust, nevertheless, to H. and W. as co-trustees," to be sold at their discretion, the proceeds to be applied to the payment of the two creditors, and when sufficient funds were realized to pay the two creditors and the expenses of the trust, "this instrument to be of none effect." The instrument recited that it was given in consideration of a certain sum of money, identical with the aggregate of the firm's indebtedness to the two creditors, but did not state from whom the money was received. The trustees were authorized to take immediate possession. *Held:*

(1) That the instrument was a mortgage, and H. and W. were donees of powers, and not assignees. The firm continued to be owner of the property subject to the trust, and its interest was subject to legal process at the suit of other creditors, to be executed in the manner pointed out in the statute. (R. S., arts. 2292, 2296.)

(2) Deeds of trust conveying property directly to trustees, made to secure and pay particular creditors, though expressed in terms sufficient to pass title if made for creditors generally, are construed as mortgages, with some of the qualities of an assignment superadded. (Baldwin *v.* Peet, 22 Tex. 718, etc.)

(3) See opinion for demurrer properly overruled.

(4) See opinion for acts of the firm, not themselves fraud, but strong badges of fraud, to be considered by the jury in determining the *bona fides* of the transaction.

(5) See opinion for evidence improperly admitted.

APPEAL from Limestone. Tried below before the Hon. L. D. Bradley.

Appellees brought this suit against T. E. Jackson, sheriff of Limestone county, and his sureties on his official bond, and against Leon Blum, Sylvain Blum and Hyman Blum, composing the firm of Leon & H. Blum, and against Joseph E. Wallis and Henry A. Landes, composing the firm of Wallis, Landes & Co., for the recovery of $4,000 damages and interest, and against R. E. Edmison and Isaac Whatley, for the recovery of a debt due Weisenfield & Co., of Baltimore, Md., for the sum of $385.23, and a debt due Levi Whatley, of Limestone county, Texas, for the sum of $680, with interest on both claims, from February 14, 1884.

Appellees complained in substance, that about February 14, 1884, Edmison & Whatley, merchants, being indebted to Levi Whatley and Weisenfield & Co. in the amounts above set out, executed to them a trust deed to secure the debt, amounting in the aggregate to $1,065.23, on the stock of goods, wares and merchandise of Edmison & Whatley, then in the town of Groesbeck, Limestone county, and that the goods, etc., were at that date worth $3,500. A copy of the trust deed was made an exhibit to the petition. That all this was done with the knowledge

and consent of Weisenfield & Co., and Levi Whatley, *cestuis que trust.*
By the terms of the trust deed appellees were empowered to take
possession of the stock of goods, wares and merchandise, and to sell
the same in due course of business, or otherwise, should they (the
trustees) see fit or deem expedient; 2d, to pay all costs and expenses
incident to the trust, which was fixed at two and a half per cent. of
the amount taken in from such sales; next, to pay the debts aforesaid;
lastly, the trustees were empowered to take full possession of the stock
of goods, to convert the same into money, and after deducting the two
and one half per cent., pay first the Weisenfield claim, and next
the Levi Whatley claim, and to collect and receipt for all debts due
the grantors in the trust deed, and apply the same as hereinbefore
indicated, and to have as full power and control over the business as
the grantors had. These goods, etc., conveyed in the trust deed were
listed, with the value of each article set opposite, and the inventory
made exhibit A to the trust deed, except the debts due the grant-
ors, which were not inventoried. No time was specified in which the
debts secured were to be paid; that appellees accepted the trust, took
possession of the goods, etc., on the day of the execution of the trust
deed, and continued in possession, executing the trust until about
February 17, 1884; that on that date, and on the next day, appellant,
T. E. Jackson, (sheriff) by advice, direction and order of the appel-
lants, Blums, and Wallis, Landes & Co., by virtue of a writ of attach-
ment out of the district court of Galveston county, in favor of Leon
& H. Blum and against Edmison & Whatley (the grantors in the trust
deed); and by virtue of a writ of attachment out of the county
court of Galveston county, in favor of Wallis, Landes & Co. and
against J. J. Whatley, both issued on February 16, 1884; and also
by virtue of a writ of attachment out of the justice's court of
Limestone county, issued on February 18, 1884, in favor of
Jemison, Groce & Co. *v.* Edmison & Whatley, without the con-
sent of appellees, seized and took possession of the goods, etc.,
and converted the same to his use, and to the use and benefit of
Leon & H. Blum and Wallis, Landes & Co. That appellant, Jackson,
by advice, direction, etc., of Blums and Wallis, Landes & Co., and
by virtue of certain orders of sale (a detail of which is unnecessary)
sold the goods without having himself complied with the terms of the
trust deed, and without requiring the purchasers to comply therewith.
That by reason of these wrongful acts, the goods, etc., were wholly
lost to appellees, to their damage $4,000, and that Edmison & What-
ley, the grantors in the trust deed, were insolvent.

To this petition, defendants, except Edmison & Whatley, demurred

generally and specially.  The special demurrers were, in substance, as follows :  To the joinder of Edmison & Whatley with them as joint defendants.

To all that part of the petition setting up a trust and trust deed, because (in substance) same showed on its face, as set out in petition, that it was done to defraud the creditors of Edmison & Whatley; that it was, in law, a fraud on the creditors of Edmison & Whatley; that it was an assignment to preferred creditors; that the effect of it was to hinder and delay the creditors of Edmison & Whatley in a manner not permitted by law.

Then followed a general denial and a special plea, in substance, as follows :  That the [trust deed was the result of a fraudulent combination and conspiracy by the parties thereto for the purpose of defrauding the creditors of Edmison & Whatley, and one of the appellees, J. J. Whatley (trustee); that Blums and Wallis, Landes & Co. were creditors of Edmison & Whatley and J. J. Whatley; that Levi Whatley, one of the *cestuis que trust*, was, in fact, a partner of Edmison & Whatley, and liable for the Blum debt, but was, with the assistance of his co-conspirators, endeavoring to withdraw his interest in the business, in fraud of their creditors; that J. J. Whatley conveyed all of his visible property to Edmison & Whatley, for the purpose of defrauding Wallis, Landes & Co., and his other creditors; and Edmison & Whatley then conveyed all their visible property, together with that of J. J. Whatley, to said J. J. Whatley and co-trustee, for the purpose of defrauding their creditors; that they were insolvent and in debt, and that all the parties to these transactions had notice thereof.

That the parties to the trust deed invented this scheme for the purpose of saving all of the visible property of Edmison & Whatley from the just claims of their creditors.  That the trustees were secretly and covinously trustees for the benefit of Edmison & Whatley, and that there was an understanding that the trustees should only take ostensible possession of the goods, and that Edmison & Whatley, either or both, should go into possession of the property as the pretended agents of the trustees, and sell and use it for their own use and benefit, to the exclusion of the claims of their creditors, after paying anything that might be due on the claims of the pretended *cestuis que trust.*  The answer set up various fraudulent transactions between the parties to the trust deed, and alleged a fraudulent and wrongful commingling of the goods of J. J. Whatley with those of Edmison & Whatley, in justification of the levy of the Wallis, Landes & Co. writ.

The plaintiffs dismissed as to the defendants R. E. Edmison and Isaac Whatley, not served. The demurrers and exceptions of defendants were heard, and the demurrer, or exception third, to that part of the petition which claimed damages in excess of the amount claimed to be due, for which the trust deed was executed, was sustained, and all the other demurrers and special exceptions were overruled, to which the defendants excepted.

After the evidence was all in and the argument closed, plaintiffs dismissed suit as to Jos. E. Wallis and Henry E. Landes. Verdict and judgment was given for plaintiff for $970.47.

After defendant had closed his evidence, the plaintiffs offered in rebuttal the deposition of plaintiff, J. D. Harby.

The second direct interrogatory propounded to witness was in these words : "What was the intent and purpose of said conveyance and delivery of said property to you and J. J. Whatley?" The answer thereto was as follows: "The intent was merely to secure to Weisenfield & Co., and to Levi Whatley, the payment of their claims against Edmison & Whatley."

Defendants objected to both the interrogatory and answer.

*Burrow & Kincaid* and *Scott & Levi*, for appellants, on the question raised on demurrer, cited : 1 W. & W. Cond. App. Civil Cases, sec. 760; Jones v. Syer, 52 Md. 211, and 36 Am. Rep. 366, and authorities there cited; Burrill on Assignments, 3d ed., sec. 99, and Beck v. Burdett, 1st, p. 305; Stetson v. Miller, 36 Ala. 642.

On the introduction of evidence to show the intent of the parties executing the conveyance, they cited : Miller and English v. Jannett and Franks, Tex. Law Rev., vol. 5, pp. 130-132.

*L. B. Cobb* and *C. Anson Jones*, for appellees, on the demurrer, cited : Scott v. Alford, 53 Tex. 82; Kerr v. Hutchins, 46 Tex. 385; Van Hook v. Walton, 28 Tex. 59; King v. Russell, 40 Tex. 125 ; Eicks & Moore v Copeland, 53 Tex. 589; Bailey v. Mills, 27 Tex. 434; Boone on Mortgages, sec. 83, note 10; R. S., arts. 2292, 2296; Baldwin v. Peet, 22 Tex. 709; Stiles v. Hill, Fontaine & Co., 62 Tex. 429; Marx & Kempner v. Heidenheimer, 63 Tex. 307.

On the charge of the court, they cited : Iglehart v. Willis, 58 Tex. 306; Frazer v. Thatcher, 49 Tex. 26; Greenleve, Block & Co. v. Blum, 59 Tex. 124; Boone on Mortgages, secs. 83, 282

ROBERTSON, ASSOCIATE JUSTICE.—The defendants attacked the instrument which constituted the foundation of the plaintiffs' claim,

on the charge that it was made by the grantors to defraud their cred-
itors. This was *the* issue in the suit, and upon it the court so charged
the jury as to prevent a verdict for the defendants, unless there was
a combination or conspiracy to defraud, between the grantors and
either the plaintiffs or the creditors provided for in the trust. The
appellees attempt no defense of this charge as correct, but insist that
the evidence establishes a conspiracy or the perfect innocence of the
transaction. We do not so understand the evidence. There was
testimony from which the jury may have believed that the grantors
were actuated by a fraudulent motive, and that the plaintiffs had
notice of it, and yet they may have considered that the plaintiffs
were not imbued with the ranker guilt—the active or zealous co-op-
eration in the unlawful design—usually attached to the word *combi-
nation* or *conspiracy.*

The instrument through which the plaintiffs claimed, is peculiarly
formed. For the recited consideration of a sum of money, identical
with the aggregate of their indebtedness to Weisenfield & Co. and
Levi Whatley, the receipt of which, not stating from whom, is ac-
knowledged, Edmison & Whatley convey to these two creditors their
stock of merchandise, attaching an inventory, "in trust, neverthe-
less, to J. D. Harby and J. J. Whatley" (the plaintiffs) "as co-trus-
tees," to be sold in the regular course of business, or otherwise, as
the discretion of the trustees may dictate. The trustees are author-
ized to apply the proceeds to the payment of the expenses of the
trust, fixed at two and one-half *per cent.* on the amount of sales, and,
next, to the debt due Weisenfield & Co., and, lastly, to Levi What-
ley's demand.

The trustees were authorized to take immediate possession, and to
exercise all the power and control possessed by the grantors; and
they were also authorized to collect any debts due the grantors, and
apply the proceeds as if arising from sales. The paper concludes
with a provision that when the debts named and expenses are "well
and truly paid, then this instrument to be of none effect; otherwise,
to remain in full force."

The trustees, the plaintiffs, immediately entered into possession
under this document, and held under it until the bulk of the assets
was taken from them by process at the suit of creditors of the
grantors.

It is to be observed that the instrument vests the title in the pre-
ferred creditors, and not in the trustees. When this is done, the con-
veyance is held to be a mortgage, and not an assignment. Leitch *v.*
Hollister, 4 Comst. 211. The plaintiffs had no estate in the goods—

they were the donees of powers, and entitled to the possession, to enable them to execute the trusts. They are not assignees. Deeds of trust conveying property directly to trustees, made to secure and pay particular creditors, though expressed in terms sufficient to pass title, if made for creditors generally, are construed to be mortgages, " with some of the qualities of an assignment superadded." Baldwin v. Peet, 22 Tex. 718; Burrill on Assignments, 3d ed., secs. 6, 7, 8. The instrument under which the plaintiffs claimed, was of this character.

Edmison & Whatley continued to be the owners of the property, subject to the trust. Their interest was subject to legal process, at the suit of other creditors, to be executed in the manner pointed out in the statute. R. S., arts. 2292, 2296.

If the grantors were insolvent at the date of the execution of this document, and if more property was conveyed than was required to pay the secured debts, the validity of the transaction would depend, nevertheless, on the good or bad faith of Edmison & Whatley in instituting it. The plaintiffs' petition did not show the insolvency of the makers at the date of the paper, but the averment of that fact was in the present tense, in a pleading filed some twenty months after the conveyance was made. The demurrer, based upon the proposition that the plaintiffs' title, derived through this intrument, was fraudulent on the face of the plaintiffs' pleading, was, therefore, properly overruled.

That Edmison & Whatley were insolvent when the deed was made, that they conferred upon trustees, of their own selection, wide discretionary powers, and put them in possession of more than three times as much property, substantially all they owned, as was necessary for the ostensible aim of the conveyance, are not themselves fraud, but strong badges of fraud. Burrill, secs. 99, 220 and 221; Baldwin v. Peet, supra. In interpreting to the jury the legal effect of such an instrument, the charge should be so framed as not to deprive the jury of the consideration of these signs in determining the bona fides of the transaction.

The second direct interrogatory to J. D. Harby, and his answer, should have been excluded. They were susceptible of the construction given them by the court below; but, in that meaning, they were of no use. The answer may also have been construed to mean that the intent of the parties to the impeached transaction, was not the fraudulent one imputed by defendants, but only the legitimate one stated by the witness. In this sense, the question and answer were improper. Purnell v. Gandy, 46 Tex. 190.

Other questions raised are not likely to arise upon another trial, and are not now considered.

For the errors indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 21, 1886.]