### EDWARD A. KELSEY v. JOHN TRISLER ET AL.

#### Decided April 7, 1903.

**1.—Guardianship—Appointment—Sale of Land—Probate Records.**

Where the probate records of a county court showed an application by M. to be appointed guardian of the estate of a nonresident insane person, and orders directing a sale of such person's land by M. and confirming the sale, but did not show that said application had been acted on, or that M. was ever appointed guardian, the sale was void under the statutory provisions requiring that the orders and decrees of the county court in probate matters shall be entered on the records of the court and declaring such proceedings void if not so entered. Rev. Stats., arts. 1853, 2558.

**2.—Same—Bill of Review.**

The fact that such orders of sale were void and subject to collateral attack did not deprive complainant of his right, by bill of review under the statute, to go into the court where the orders were made and have them set aside. Rev. Stats., art. 2799.

**3.—Same—Presumption of Regularity—Jurisdiction.**

The rule that where a court having general jurisdiction over the subject matter has assumed to act, every presumption will be indulged in support of the decrees unless the contrary appears from the record, is applicable to collateral attacks, but not where the proceedings are directly assailed, and the statute declares them void if not entered of record.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*Crawford & Crawford* and *A. D. Lipscomb,* for appellant.

*O'Brien, John & O'Brien,* for appellees.

32 Civil—12.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant instituted this proceeding by a bill of review in the probate court of Jefferson County, under article 2790 of the Revised Statutes, against the appellees for the purpose of setting aside certain orders of said court under which Lucian Minor, as the alleged guardian of the estate of appellant, who was then non compos mentis, sold and conveyed to appellee Trisler a tract of 1107 acres of land in Jefferson County belonging to said estate. The amended bill of review upon which the case was tried alleges that complainant was at the time the proceedings therein complained of were had a person of unsound mind, and resided in St. Joseph County, Michigan; that a guardianship of his estate was then pending in the probate court of said St. Joseph County, Michigan, Maria Kelsey, the mother of complainant, being the guardian of said estate; and that the tract of 1107 acres of land described in the bill of review was owned by complainant. That preceding the April term, 1898, of the probate court of Jefferson County, Lucian Minor filed application therein, returnable to said April term, for his appointment as guardian of appellant; that at said April term, without the said Lucian Minor being the nonresident guardian, and without his being appointed guardian, he, the said Lucian Minor, obtained an order of said probate court of Jefferson County, authorizing him to sell said land as if he were guardian of the estate of appellant; that a sale was made thereunder to respondent, John Trisler, and reported to the probate court of Jefferson County, and that before it had remained on file for five days, sworn to as the law prescribed, it was confirmed by order of court; that the proceedings complained of were instituted and conducted for the purpose of carrying out an agreement whereby the real estate brokers firm of Truehart & Co., of which said Lucian Minor was a member, undertook as brokers to carry through the probate court the proceedings requisite to vest title to appellant's land in appellee Trisler; that said orders were obtained without there ever having been any appointment by any court of Lucian Minor as guardian; without the making of any inventory or appraisement of complainant's estate; without there ever having been any oath or bond filed by Lucian Minor at or subsequent to the term when he could have been legally appointed guardian, and that the order was for sale at public or private sale in the alternative.

The bills also allege that the price at which the land was sold by Minor to Trisler was $3.50 per acre, the price at which the sale was negotiated by the real estate firm; that same was less than the value of the land at that time; that the present value of the land is $20,000.

It was further alleged that the said order of sale was made without proof of necessity therefor, and that the sale under the circumstances alleged was a deprivation to complainant of his property without due process of law and in contravention of the fourteenth amendment to the Constitution of the United States. Each of the bills of complainant proposes to restore the purchase money paid by Trisler and to do all equities that might be decreed, and alleged that plaintiff had brought

his suit within a year after recovery of his competency to act and immediately upon being informed of the facts. The bills each set out in full the orders complained of, and the applications and reports upon which they are based, and prayed that the orders be annulled and the sale set aside.

Trisler and Mrs. Annie Minor, executrix of the last will of Lucian Minor, deceased, were made respondents. Mrs. Minor answered neither admitting nor denying the allegations of the bill of review, but demanding strict proof thereof.

The answer of the respondent John Trisler contains: First, a plea to the jurisdiction of the court (a) that the matter of the estate of Edward Kelsey, in the County Court of Jefferson County, had been fully closed by final order; (b) that the bill involved a question of title to land whereof the probate court had no jurisdiction; (c) because the proceedings complained of were had and closed unappealed from within the time prescribed by law, and said bill being filed more than two years thereafter; (d) that the bill complains of mere irregularities that should have been corrected by appeal, if at all. This plea was followed by a general exception to the bill, and special exception that the matters complained of were the subject of appeal, and that the petition showed the time for appeal to have expired; general denials; special plea that the probate court of Jefferson County has appointed Lucian Minor guardian and had recognized him as such throughout the proceedings complained of; that said Minor had duly made his bond and oath as such, and that said court had made a valid order of sale authorizing the sale under which said Lucian Minor had sold the land to respondent, Trisler, fairly and for its full value, and that the report thereof had been duly confirmed; that if there were irregularities or fraud, respondent had no notice thereof, but has implicitly and in good faith relied upon the proceedings complained of and his deed thereunder, and has ever since and yet has peaceable and actual possession of said premises, and that he, in good faith, paid full market value for said premises, and that now said land has greatly enhanced in value, as alleged by complainant, to the amount of $20,000, and that respondent has in good faith placed thereon improvements to the amount of $2000.

The trial in the probate court resulted in a judgment in favor of respondents, and upon appeal to the District Court and trial de novo therein a like judgment was rendered, from which judgment the complainant prosecutes this appeal.

The facts disclosed by the record are these: On the 6th day of October, 1891, the appellant was adjudged to be a person of unsound mind by the probate court of St. Joseph County, in the State of Michigan, and his mother, Maria Kelsey, was appointed by said court guardian of his person and estate. This guardianship continued until the 7th day of January, 1902, when said court, upon evidence adduced before it, found that appellant's incompetency had ceased, and ordered said guardianship closed. On the 1st day of February, 1898, Lucian

Minor filed an application in the probate court of Jefferson County, Texas, for appointment as guardian of the estate of appellant, who was alleged in said application to be a person of unsound mind residing in the State of Michigan and the owner of a tract of 1107 acres of land situated in said Jefferson County (being the same land described in appellant's bill of review). Notice of this application was given on March 3, 1898, returnable to the April term of said court.

On the 12th day of March, 1898, Minor filed a petition in the County Court of Jefferson County praying that he be recognized as the guardian of the estate of appellant and that an order be made by the court directing him to sell the above described land, which he alleged was the property of said estate, and it was necessary to sell in order to raise means for the support and maintenance of appellant. Accompanying this petition and filed therewith was a transcript of the proceedings of the probate court of Michigan, showing the appointment and qualification of Mrs. Maria Kelsey as guardian of the person and estate of appellant, also a letter from Mrs. Kelsey to said Minor requesting him to qualify as guardian of said estate in Texas. On the same day Minor filed his oath and bond as guardian of the estate of appellant, and said bond was approved by the county judge of Jefferson County, and such approval indorsed thereon. Notice of the application for sale was issued on March 12, 1898, and executed on March 14th in the manner directed by the statute. On the 8th day of April, 1898, the County Court of Jefferson County, at a regular term thereof, made an order directing Minor to sell the land described in his application for sale, at private or public sale as should be deemed best for the interest of the ward. On the same day, Minor, by his attorney of record, T. J. Russell, filed a report of sale of said land to appellee Trisler for $3.50 per acre. On the 14th day of April the report of sale was confirmed by the court, and Minor was directed to convey the land to Trisler upon his compliance with the terms of the sale. On the next day the sale was completed by the payment of the money to Minor and the execution and delivery by him of a deed to the land to Trisler. This money, less a commission of 10 per cent, one-half of which went to Russell and the remainder to the firm of Truehart & Co., of which Minor was a member, was remitted to and received by Mrs. Kelsey, guardian of the estate of appellant. Truehart & Co., who resided at Galveston, Texas, had, through their local agent Russell, negotiated the sale of the land to Trisler prior to the time application for guardianship was filed by Minor. The sale was made at the request of the son of appellant, and with the approval of Maria Kelsey, both of whom represented to Minor that same was necessary in order to obtain means for the support of appellant. The sum paid for the land by Trisler, $3.50 per acre, was its fair market value at the time he purchased same, but it was worth at the time of the trial in the court below as much as $20 per acre.

The only orders appearing upon the minutes of the probate court in reference to the guardianship of the estate of appellant are the orders

directing the sale of the land and the order confirming same above mentioned. This suit was brought by appellant within a short time after his mental competency was restored, and immediately after he learned of sale of his land under the proceeding in the Jefferson County Court.

Under his first assignment of error appellant assails the order of sale and the order of confirmation of said sale made and entered by the County Court of Jefferson County on the ground that said court had no power to make said orders, and the same are therefore void. It is unnecessary for us to consider any of the remaining assignments, because the conclusion we have reached on the question presented by this assignment determines the disposition of this appeal.

Under the Constitution and laws of this State County Courts, as courts of probate, have general jurisdiction of all matters relating to the administration of the estates of deceased persons, minors, lunatics and habitual drunkards, but jurisdiction over a particular estate can only be acquired by the appointment of an administrator or guardian, in the manner prescribed by the statute. The County Court of Jefferson County could only lay hold upon the estate of appellant through the hands of a regularly appointed guardian, and until such guardian had been appointed by it, said court had no power to make an order authorizing the sale of any of the property of the estate, and any order so made would be void. Rose v. Newman, 26 Texas, 131; Stafford v. Harris, 82 Texas, 184; Scott v. McNeal, 154 U. S., 47.

It is not contended by appellee that the County Court of Jefferson County could acquire jurisdiction over the estate of appellant without appointing a guardian thereof, but the proposition is advanced that said court having assumed to act upon a subject matter over which it had general jurisdiction, every presumption should be indulged in support of its decrees, and unless the contrary affirmatively appears from the record the law will presume that everything was done which was required to be done in order to render said decrees valid.

The rule stated in this proposition applies only to collateral attacks upon the judgment of a court of competent jurisdiction, and can not be invoked to support a judgment which is directly assailed when the record of the court in which such judgment was rendered fails to show that the proceedings necessary to give validity to the judgment were had and the statute declares such proceedings void if not entered of record. Templeton v. Cattle Co., 77 Texas, 57; Rev. Stats., arts. 1853, 2558.

So far as the record in this case shows, the application of Lucian Minor to be appointed guardian of the estate of appellant was never acted upon by the court. He could only have been appointed by an order entered upon the minutes of the court, and if any order appointing him such guardian was made it was void because not entered upon the minutes of the court. Rev. Stats., art. 1853; Blackwood v. Blackwood, 92 Texas, 478. Such being the state of the record, it follows

that the act of Lucian Minor in selling the property of said estate, and the orders of the County Court of Jefferson County authorizing and confirming said sale are absolutely void.

It is unnecessary for us to determine the question of whether the filing of the transcript from the Michigan court in the County Court of Jefferson County would of itself have been sufficient, under article 2753 of the Revised Statutes, to have vested in Mrs. Kelsey, the foreign guardian, the rights and powers of a guardian appointed by the courts of this State, and would have empowered the County Court of Jefferson County, without the entry of an order recognizing her as such guardian, to make an order authorizing her as guardian to sell the property of said estate, since no such order was made, and the sale was not made by her. If it be conceded for the sake of argument that the filing of such transcript ipso facto gave the Jefferson County Court jurisdiction of the estate of appellant, that court was nevertheless powerless to order the sale of the property of said estate by any other person than the legally appointed guardian, and the order authorizing the sale by Minor was void. Rose v. Newman, 26 Texas, 131; Stafford v. Harris, 82 Texas, 184.

The orders complained of by appellant being void, it may be that he was not required to attack them directly, since no rights could be acquired thereunder. We think, however, that his right, under article 2799 of the Revised Statutes, to go into the court where said orders were made and have the same set aside, can not be questioned. Parker v. Spencer, 61 Texas, 155; McDonald v. Crawford, 88 Texas, 616.

Because, in our opinion, the orders of the County Court of Jefferson County authorizing the sale of appellant's land and confirming the sale of same made by Lucian Minor were void for want of power or jurisdiction in said court to make same, said orders should be set aside. The judgment of the court below will be reversed and judgment will be here rendered directing the cancellation of said orders.

*Reversed and rendered.*