F. A. REDMOND V. J. C. CROWLEY ET AL.

No. 6026. Decided May 2, 1934.
(70 S. W., 2d Series, 1113.)

*Polk, Sansom & Terrill,* and *Geo. T. Burgess,* all of Fort Worth, for plaintiff in error.

One may sue in trespass to try title where he has foreclosed his mortgage and in the alternative to forclose 'if the sale be held effective. Gardener v. Griffith, 93 Texas, 355; Stiz v. National Producing & Ref. Co., 247 S. W., 657.

The probate court had jurisdiction to enter the orders pleaded and said orders were not subjct to collateral attack. Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325; Weems' v. Masterson, 80 Texas, 52, 208 S. W., 220.

The probate court had jurisdiction and authority to permit Crowley as guardian to make the contracts and deeds, and to execute the deed of trust to Redmond to secure said indebtedness, and by said deed of trust create a valid lien upon the property and the interest of the minors therein. Lewis v. Roach, 184 S. W., 680; Stillwell v. Standard Saving & Loan Assn., 30 S. W. (2d), 690; Art. 4195, R. S., 1925.

*F. M. Brantly,* of Fort Worth, for defendants in error.

Plaintiff Redmond was not entitled to two remedies, as asked for in his petition, one claiming a fee simple title in the property and seeking recovery of title and possession of the premises, the other claiming that he held a lien against the same and sought foreclosure of said lien. That the two demands were inconsistent and could not exist at the same

time.  Thomas v. Browder, 33 Texas, 784; Sargeant v. Sargeant, 118 Texas, 343, 15 S. W. (2d), 589.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Tarrant County, Texas, By F. A. Redmond against J. C. Crowley et al.  Trial in the district court resulted in a judgment for Redmond.  On appeal to the Court of Civil Appeals at Fort Worth by J. C. Crowley et al, that court, in an opinion by Chief Justice Conner, reversed the judgment of the district court and remanded the cause for a new trial.  41 S. W. (2d), 274.  F. A. Redmond brings error.

■ We have read and carefully considered Judge Conner's opinion and find that same makes a proper disposition of this case and gives correct reasons therefor.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court, May 2, 1934.

The opinion of the Court of Civil Appeals by MR. CHIEF JUSTICE CONNER, follows:

The appellee, F. A. Redmond, instituted this suit on March 23, 1930 in trespass to try title against J. C. Crowley, and wife, Maude Teague Crowley, and Lillian Lois Crowley, and Dorothy Jean Crowley, minor children of J. C. Crowley and a former wife, and Helen Loreta Crowley, who had attained her majority, to recover lots 9 and 10 in Block No. 44 in the Sycamore Heights Addition to the City of Fort Worth, Texas.  The claim of title on appellees part was predicated upon a substitute trustees sale and deed dated January 2, 1929.  There is no objection to the form of the deed which in terms conveyed full title to the lots which at the time and at all times mentioned in this opinion were jointly owned and occupied by J. C. Crowley and his children as a homestead.  The deed of trust had been given to secure the payment of certain renewed obligations executed by Crowley and wife and Crowley as guardian for improvements upon the homestead.  The original and renewed obligations, to secure the improvements and trust deed liens as had been given were all authorized by orders of the probate court of Tarrant County upon applications therefor by J. C. Crowley as guardian of his children.  No material objection appears to the form or regularity of the applications or probate orders.  The orders recite the presentment of the

application, the advisability of the improvements and repairs "in order that said property can be sold and the best interest of said minors served thereby," that "said property is the only property owned by said minors," and that "J. C. Crowley, Guardian as aforesaid, be and he is hereby authorized, empowered and instructed to make and enter into any and all kinds of contracts, mechanics liens and other papers necessary to bind said above property owned by said minors for security for the amount necessary for said improvements, onehalf of the cost of same to be borne by the interest of said minors and the remaining onehalf of the costs of said improvements to be paid by the said C. J. Crowley and secured by his interest in said property, and the said J. C. Crowley, be and he is hereby empowered to make any and all extensions, and renewals of said mechanics liens, as may be necessary, and to convert said mechanics lien into a trust lien, and to make, execute and deliver any one and all of such instruments as may become necessary and to agree upon the due date of said incumbrance on said property which date shall not be later than five years from date of execution of said mechanics lien." This order was dated March 3, 1927 and orders of similar purport and effect were later made authorizing extensions and renewed obligations and liens under which appellee Redmond claims.

The plaintiff in an alternative pleading set forth the improvements that had been made, the original and renewed obligations and liens which had been authorized and executed, the acquisition thereof by plaintiff for a valuable consideration, and prayed that such liens be foreclosed and the property ordered sold for the payment of the aggregate amount due thereon which at the time of the filing of the plea on March 23, 1930 amounted in the aggregate to $2272.23.

The defendants answered, so far as it is thought necessary to notice, by general and special demurrers, the general denial, and a plea of not guilty.

The case came on for trial on the 31st day of March 1930, and the court, after having ruled upon the demurrers and exceptions, and after the introduction of the evidence, upon the motion of the plaintiff, instructed the jury which had been empanelled in the case to return a verdict "for plaintiff against all defendants for title and possession of the property in controversy." Verdict was returned and judgment rendered in accordance with the instructions and defendants have duly prosecuted this appeal.

■ We fail to find merit in appellants' contentions that there

was a misjoinder of parties. All defendants were joint owners and possessors of the premises plaintiff sought to recover and all were indeed necessary parties.

■ Nor do we find merit in the contention to the effect that plaintiff having sued to recover title and possession of the premises in controversy was estopped from recovering the relief sought in his alternative plea.

It no where appears that the plaintiff had ever prosecuted to final judgment an action to recover title and possession. And the defendants having attacked the validity of the orders of the probate court under which plaintiff asserted right to recover title, we think it entirely permissible on the part of the plaintiff to have pleaded as he did in the alternative.

We therefore conclude that the court did not err in overruling the demurrers presenting the contentions of a misjoinder of parties and actions.

Aside from some minor criticisms of the proceedings not thought to be material, appellants insist that the court erred in giving peremptory instruction, towit:

(A) "Because under the law the facts proven the plaintiff was not entitled to a recovery of the estate title or interest of said minor wards in or to the premises in contest, and the court erred in rendering judgment of recovery by plaintiff of the estate, title and interest of said minors in and to said premises."

(B) That evidence fails to show

"that said plaintiff was entitled to a valid deed or trust lien or other like lien against said premises, or that said substitute trustee was possessed of lawful power or authority to execute said deed of trust instrument or to effect sale of said premises thereunder; or that said plaintiff acquired valid title to said premises by virtue of said purported sale of the same by said substitute trustee."

We cite the following articles from Revised Civil Statutes of 1925, towit:

Article 4102—"The county court shall appoint guardians of minors, * * * , settle accounts of guardians, and transact all business appertaining to the estates of minors, * * * ".

Article 4107—"Each decision, order and judgment of the court in matters of guardianship, shall be rendered in open court at a regular term thereof except in cases where it is otherwise specially provided."

The appointment and legal status of J. C. Crowley as the

guardian of the estate of his minor children is not questioned, and article 4164 says that:

"The guardian of the estate is entitled to the possession and management of all property belonging to the ward, to collect all debts, rents or claims due such ward, to enforce all obligations in his favor, to bring and defend suits by or against him; but in the management of the estate, the guardian shall be governed by the provisions of this title." (Title 69).

Article 4165—"It is the duty of such guardian of the estate to take care of and manage such estate as a prudent man would manage his own property. * * * * * ."

Article 4195 Chapter 8, title 69 in so far as pertinent, reads:

"When the income of the ward's estate, and the personal property thereof, and the proceeds of previous sales, are insufficient for the education and maintenance of the ward, or to pay the debts against the estate, the guardian, or any person holding a valid claim against the estate, may, by written application to the court in which such guardianship is pending, ask for an order for a sufficient amount of real estate to be sold to make up the deficiency, or when the property of the ward consists in whole or in part of an undivided interest in real estate and the guardian believes it to be the best interest of the estate of the ward to sell such real estate, he may, by written application to the court in which such guardianship is pending, ask for an order for such real estate to be sold; or when the real estate of such minor is encumbered by a valid lien to secure a debt which is due or is about to become due, or when the taxes are due on the property of said ward, or when the holder of such debt has applied for or is threatening to apply for an order of sale of the real estate of the minor and the guardian has not in his hands sufficient funds to pay such debts, such guardian may by written application to the court in which such guardianship is pending, apply in writing for an order to obtain an extension of such debt and to secure the same by a mortgage or deed of trust on the real estate of such minor; or if the real estate of such minor or any part thereof is not revenue producing, or the revenue therefrom could be increased by making improvements or additional improvements or repairs thereon, such guardian may make a written application to such court to make such improvements or repairs on such real estate as he may deem beneficial to the ward, and to secure the payment for the same by mortgage, deed of trust, mechanics contracts aud materialmen lien."

Article 4196—"The guardian shall apply for such order as is provided in the preceding article, whenever it appears that

a necessity exists therefor, and set forth fully in his application with an exhibit, under oath, showing fully the condition of the estate."

Article 4198—"Whenever an application for the sale of real estate is filed, * * * the judge shall designated a day to hear such application, which may be heard in term time or vacation, * * * ".

Article 4200—"A sale of real estate may be for cash, or for part cash and part credit, at public auction or private sale, as may appear to the court to be the best interest of the estate."

Article 4201 provides that an order for the sale of real estate shall given such description of it as will identify it; whether it is to be sold at public auction or private sale, the time and place of sale; the necessity and purpose of such sale, and "shall require the sale to be made and the report thereof to be returned to the court in accordance with law."

Article 4213—"All sales of the property of the ward shall be reported by the guardian to the court in which the guardianship is pending within thirty days after the sale is made."

Article 4214 provides the requisites of the reports, and article 4216 declares that: "At any time after the expiration of five days from the filing of a report of sale, the court shall inquire into the manner in which such sale was made, and hear evidence in support of or against such report, and if satisfied that such sale was fairly made and in conformity with law, and that the guardian has filed bond as required herein, which has been duly approved by the court, the court shall cause to be entered a decree confirming such sale, * * *."

Article 4217—"If the court is not satisfied that the sale was fairly made, and in conformity with law, order shall be entered, setting the same aside, and ordering the property to be again sold if necessary.

Article 4219—"If real estate be sold, the conveyance shall be by deed, and shall refer to the decree of the court confirming the sale and ordering the conveyance to be made, by giving the date and term of the court of such order. Such conveyance shall vest the right and title of the ward to such real estate in the purchaser, and shall be prima facie evidence that the law has been complied with in making such sale."

■ From the references and quotations we have made from our statutes, it seems evident, as has indeed been many times decided, that the probate court is a court of general jurisdiction with full control in the first instance over the estates of minors. As such, it has been given express authority, as will

be seen from the latter part of article 4195, quoted above, to entertain an application of the guardian of a minor's estate to make improvements or repairs on such real estate as he may deem beneficial to the ward, and to secure the payment for the same by mortgage, deed of trust, mechanic's contracts and materialman's lien. Article 4196 makes it the duty of the guardian to apply for an order of sale whenever it appears that a necessity exists therefor. The court is required to designate a day for the hearing, which shall continue until the court is satisfied concerning the application. If the court be satisfied, then it makes the order for the sale. A report thereof must be made and confirmed by the court.

As may be seen by reference to our preliminary statement, no statutory informality appears in the appointment of J. C. Crowley as guardian or in his application to have improvements made, execute obligations in payment therefor, or in the orders of the probate court granting the application, or in the orders approving the obligations of indebtedness and renewals and extensions thereof as hereinbefore recited. Nor is the ownership of such indebtedness of appellee Redmond questioned. We therefore think it quite plain that the several applications and orders of the probate court referred to must be held to be conclusive in this case. The attack upon these proceedings is manifestly a collateral one, and it is well settled upon principles of public policy that inquiry by evidence *aliunde* the record can not be heard in a collateral attack upon the judgment of a domestic court of general jurisdiction, legal on its fact, as to any fact which must be passed upon in order to render it valid.

In the case of Weems, Receiver, v. Masterson, 80 Texas, 45, 15 S. W., 590, it was held by our Supreme Court in an opinion by Chief Justice Stayton, not only that probate courts were courts of general jurisdiction, but also that

"All presumptions will be indulged in favor of the jurisdiction of such courts when exercised over a subject matter confided to them by law that will be in favor of the jurisdiction of any other court of general jurisdiction, and that their judgments and decrees can not be collaterally attacked unless the record shows the want of jurisdiction. In the absence of such a showing it must be presumed that the jurisdiction exercised in a given case was the exercise of lawful power."

To the same effect is the case of Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325.

In the case of Schaeffer v. Williams, 208 S. W., 220, by the San Antonio Court of Civil Appeals, writ of error denied, it

was held that though an application for sale of a ward's land by a guardian failed to allege grounds for sale, as set forth in the statutes, it could not be attacked collaterally on account of such failure.

We are of the opinion, therefore, that the objections and demurrers in behalf of appellants to the appellee's alternative plea were properly overruled and that upon proof of the facts alleged in such plea appellee was entitled to a judgment for the indebtedness shown with a foreclosure of the liens exhibited.

■ We are of the further opinion, however, that the court erred in giving the peremptory instruction to find for appellee the title and possession of the lots involved. While the statutes give the probate court the power to authorize a guardian to execute such obligations and create such liens as may be necessary to secure the cost of the improvements shown to be necessary, we do not think the sale shown in this case by the substitute trustee can be upheld. It may be argued that the guardian having been given express authority to execute a "deed of trust," presumably in the usual terms, that the trustee named would have implied power to execute the trust by a sale of the property. But it seems quite plain from the statutes we have quoted that when a sale becomes necessary an application therefor must be made to the probate court. This application must be heard and the sale ordered, either for cash or credit, as may appear to the court to be for the best interest of the estate. After the sale, due report thereof must be made and approved before the title passes, and we do not think the probate court may divest itself of the supervisory powers thus provided and authorize a trustee to sell without reference to any order or proceeding in the probate court, execute deed, and convey good title. The question thus decided was not argued before us and our attention called to any authority to support the conclusion, and the only case that we have been able to find is that of Kelsey v. Trisler, 32 Texas Civ. App., 177, 74 S. W., 64, by the Galveston Court of Civil Appeals. That was a case in which it appears that one Lucian Minor made application to the probate court of Jefferson County for appointment as the guardian of the estate of a Mrs. Kelsey, alleged to be a person of unsound mind, residing in the state of Michigan, who owned 1107 acres of land in Jefferson County, Texas. The record in the case shows that Minor made a sale of the land under an order of sale therefor by the probate court of Jefferson County, and that the sale

was confirmed. It was held, however, in an opinion written by Mr. Justice Pleasants, that the sale was unauthorized, for the reason that no order of court was shown appointing Minor guardian. The court said:

"The county court of Jefferson county could only lay hold upon the estate of appellate through the hands of a regularly appointed guardian, and, until such guardian had been appointed by it, said court had no power to make an order authorizing the sale of any of the property of the estate, and any order so made would be void," citing Rose v. Newman, 26 Texas, 131, 80 Am. Dec., 646; Stafford v. Harris, 82 Texas, 184, 17 S. W., 530; Scott v. McNeal, 154 U. S., 47, 14 Sup. Ct., 1108, 38 L. Ed., 896.

In the case of Rose v. Newman, 26 Texas, 131, it was held, quoting from the headnotes:

"However plenary the powers of the county court may be upon the subject of a partition of a deceased person's estate, yet, when a sale of the property becomes necessary to carry out the partition, such sale must be made by the administrator, and cannot be made by a commissioner appointed by the county court for the purpose, so as to divest the title of the heirs."

That case was adhered to by our Supreme Court in Stafford v. Harris, 82 Texas, 178, holding that the sale involved could not "be made through a trustee or commissioner."

The sale by the substitute trustee in the present case was to the appellee himself, and he, of course, must be held to have had full knowledge of the trustee's want of authority. The sale was therefore void and must be set aside.

■■ The question arises: How shall we dispose of the appeal? While, as already appears, only the guardian under the required applications and orders of the probate court can generally make valid sales of a ward's real property, yet the record discloses that the property involved is jointly owned by the appellant J. C. Crowley and his minor children; that the minors have no other property with which the indebtedness involved can be satisfied; that the jurisdiction of the district court was duly invoked in a suit of trespass to try title; that the court alone is clothed with powers adequate to foreclose liens upon lands, and that the property in question is incapable of partition. Under such circumstances, we think that the judgment of the court below must be set aside and the cause remanded with instructions to the district court to hear and determine appellee's alternative plea, and if the facts as therein appear and as shown on the trial of this case below are proven, to

then ascertain and adjudge in appellee's favor the amount of his indebtedness, establish the liens, order the sale of the property as under execution, and apply the proceeds thereof, after the payment of costs, one-half which belong to the minors and one-half which belong to the appellant J. C. Crowley, the excess, if any, to be equally divided between J. C. Crowley, the guardian, and his named children. See Lauraine v. Masterson, 193 S. W., 708, writ refused.

### ON MOTION FOR REHEARING.

■ Appellants earnestly insist that we erred in holding that the sale of the property of the minors involved in this case by the trustee was invalid. The gist of the contention is that the Legislature had authority to authorize the probate court to determine whether it would permit the guardian to execute a mortgage or a deed of trust, and that the statute (Art. 4195) in using both terms, the term "deed of trust" must be construed as an instrument containing a power in the trustee to sell. The contention is supported by a plausible agreement. But while it is true that the term "deed of trust" implies an instrument containing a power to sell, yet we do not think the implication must necessarily be given effect in every case. To illustrate, in the case of Jackson v. Harby, 65 Texas, 710, our Supreme Court had occasion to construe an instrument designated as a "trust deed to secure" a debt. During the course of the opinion, the court said:

"Deeds of trust coveying property directly to trustees, made to secure and pay particular creditors, though expressed in terms sufficient to pass title, if made for creditors generally, are construed to be mortgages, 'with some of the qualities of an assignment superadded.' Baldwin v. Peet, 22 Texas, 718; Burrill on Assignments, 3rd ed., secs. 6, 7, 8. The instrument under which the plaintiffs claimed, was of this character."

In McLane v. Paschal, 47 Texas, 365, it is said, quoting from the headnotes:

"It is now finally and definitely settled by this court, that a deed of trust to secure the payment of a debt, does not operate as an absolute transfer of the property, on which it is executed, to the trustee, upon the trust mentioned in the deed, defeasible upon the conditions therein stipulated; but that such instrument is, in legal effect a mere mortgage, with a power to sell."

In view, therefore, of the solicitude of the Legislature in providing safeguards for the interests of minors in the forced sale of their property, we think the terms "mortgage" or "trust deed," as used in the order of the probate court, authorizing

the guardian in question to so encumber the property of his wards, should be construed as synonymous in spirit or purpose, and that if in any case under the laws relating to the subject, as is contended, an emergency case arises which would authorize the probate court to confer upon the guardian a power to sell the property of minors encumbered without observing the safeguards generally provided, the order at least should specifically state that the trust deed might contain the power to sell.

It can certainly be said that the records in the proceedings of the probate court under consideration present no emergency for the trustee in the deed of trust to execute the power of sale therein provided.

We conclude that the motion for rehearing should be overruled.