**CROWLEY et al. v. REDMOND.**

No. 13296.

Court of Civil Appeals of Texas. Fort Worth.

June 21, 1935.

Rehearing Denied Sept. 6, 1935.

M. Kleberg, of Fort Worth, for appellants.

Polk & Sansom, of Fort Worth, and George T. Burgess, of Dallas, for appellee.

LATTIMORE, Justice.

Appellee held a deed of trust executed by a guardian. He attempted a trustee's sale and thereafter sued in trespass to try title with an alternative count for debt and foreclosure. The trial court instructed a verdict for title and possession. This was reversed and remanded on appeal, Redmond v. Crowley, 123 Tex. 315, 41 S.W. (2d) 274, 278, 70 S.W.(2d) 1113, "with instructions to the district court to hear and determine appellee's alternative plea, and, if the facts as therein appear * * * are proven, to then ascertain and adjudge in appellee's favor the amount of his indebtedness, establish the liens, order the sale of the property as under execution," etc.

The amount due on the note was not in dispute and the whole attack on the note and lien is for want of authority in the guardian to execute the note and lien. After remand, the guardian amended, alleging both old and new grounds of invalidity against the note and lien. The trial court heard the evidence and instructed a verdict for the debt and foreclosure. Appellee moves to dismiss the appeal, on the ground that the trial court had no authority to allow pleading of new defenses by the guardian and no duty to inspect the evidence of appellee to see if it was the same as that in the first appeal, and to ascertain the amount due and render judgment accordingly for that amount and for foreclosure.

There was no dispute as to the amount due on the note if it was valid. The appellate courts on the former trial could and should have rendered judgment for the appellee if the construction of Chief Justice Conner's opinion, as contended for in this motion, be correct, Ferguson v. Kuehn (Tex. Civ. App.) 246 S. W. 674, 3 Tex. Jur., 1242, or, if this court felt the advisability of having the minutes of the trial court self-explanatory, it could have directed the trial court to enter judgment for appellee for the amount of the note and for foreclosure.

The direction "to hear and determine appellee's alternative pleadings," and enter judgment for appellee if the same facts "are proved" would, if appellee's position is correct, give appellee the right to vary either his pleading or proof, but would make the right of appellant to do either dependent on appellee's election.

We think the statement quoted is only one of advice to the trial court, made in the laudable desire to avoid useless litigation, but also in realization that there was a reasonable doubt whether appellee had a full record on the alternative plea of appellee, since the case had gone off on the trespass to try title count.

The ermine rests upon shoulders of officers who realize that rules of decision are necessary to the stability of commercial relations, but it ought to also, and did in the instance of Chief Justice Conner, the writer of the quoted opinion, cover a heart which beats with a warm desire for his people to live in peace and accord and that their disputes be speedily and justly ended.

As we view the instruction, it was thus motivated and is to be given no additional constriction.

The motion is overruled.