## CHENEY v. NORTON et al.
### No. 12536.

Court of Civil Appeals of Texas. Dallas.
Feb. 4, 1939.

Rehearing Denied March 11, 1939.

John G. Wilson, of Dallas, for appellant.

Albert B. Hall, of Dallas, for appellees.

YOUNG, Justice.

On August 27, 1936, appellant filed a suit in the Probate Court of Dallas County in the nature of a bill of review against H. L. Norton and the Fidelity & Deposit Company of Maryland, seeking to declare void and of no effect certain guardianship proceedings theretofore instituted in 1922, being "No. 9035, In the Matter of the Estate of George H. Cheney, N. C. M." This former cause concerned appellant as a purported ward, with Nettie M. Norton (wife of appellee H. L. Norton) as guardian, wherein the property and estate of said George H. Cheney had been administered for a number of years, under charges that he (Cheney) was a person of unsound mind. A brief resume of this previous guardianship is necessary: On September 26, 1922, Nettie M. Norton, joined pro forma by her husband, H. L. Norton, filed application for appointment as guardian of Cheney, who was then twenty-one years of age, under allegations that the latter, a nephew of applicant, was "a person of unsound mind in that the said George H. Cheney from his birth has been physically and mentally weak, and has always been and is now unable to conduct business affairs requiring barter and trade and the paying out of money and handling money and property of other character to his best advantage." It was further alleged that Cheney was possessed of real and personal property in Vermont, valued in excess of $3,600, that was ready to be delivered to him if a guardian be appointed, with an additional estate in Texas which the applicant had theretofore looked after for George H. Cheney, the latter having resided with said Mrs. Norton since he was eight years of age; seeking a guardianship of the estate only of such adult nephew on grounds of mental unsoundness as above alleged. On September 28, 1922,

Cheney was adjudged to be "of unsound mind and incapable of looking after and caring for his property and estate" on recitals in the judgment of a hearing before witnesses; and on the same date Mrs. Norton was appointed guardian of his estate, duly qualified by oath and bond of $9,000, which was furnished by appellee Fidelity & Deposit Company of Maryland. Neither of the orders just referred to show any character of notice to George H. Cheney by posting, citation, or waiver of appearance, though he was admittedly present at the hearing. Then began the handling of this estate by Mrs. Norton, the probate papers being before us in the original form, showing dealings with divers persons, not parties to this bill of review, involving sales of personal property and notes, purchase and sales of real estate, allowances of attorney's fees and for support and maintenance of ward (who was married in 1926.) Numerous annual accounts appear in the probate record. On October 29, 1930, the guardian presented her resignation and final account, which was examined and approved January 9, 1931. Appended to this last instrument was a sworn statement of Cheney, expressing satisfaction in the administration of his property and approving the acts of Mrs. Norton in the handling thereof. Mrs. Norton died August 9, 1931, and on November 21 thereafter an instrument styled a Guardian's Final Account was filed by H. L. Norton "surviving husband and legal representative of said Nettie M. Norton, guardian of the estate of George H. Cheney, N. C. M.", which was also examined and approved by the County Court December 9, 1931. On April 21, 1933, upon a hearing and jury trial in the same cause, the judgment reciting appearance of interested parties, said Cheney was adjudged a person of sound mind, with consequent full control of his estate. However, his wife, Etta Cheney, was later appointed guardian thereof, but failed to qualify.

The facts just stated are revealed from original probate papers in the earlier guardianship case, as already stated, being ordered a part of the appellate record by the trial judge. The bill of review as first filed by appellant (plaintiff in the county court) prayed, after lengthy allegations, to have the whole of such former proceedings declared void and of no effect on grounds, principally, of insufficient allegations in the application for appointment, as well as lack of statutory notice to confer jurisdiction on the probate court over appellant or his property. Defendants in the bill of review allege defenses of limitation, proper and faithful administration of the estate, ratification and estoppel. Upon a hearing of such bill in the probate court, judgment was rendered declaring the former guardianship proceedings void for want of notice required by Articles 4114, and 4274, R.S.; and article 4123 Vernon's Ann.Civ. St. art. 4123, and consequent want of jurisdiction. An appeal was prosecuted to the District Court and a trial had to the court, resulting in a reversal of the probate court judgment and denying appellant all relief sought; thereby affirming the validity of the original guardianship proceedings in their entirety. The record is before us for a review of such final order of the trial court.

The sole relief sought by plaintiff Cheney in his bill or petition is to declare the previous guardianship proceedings of George H. Cheney, as a non compos mentis, void and of no effect, for the purpose, however, of aiding him in another suit now pending in a district court of Dallas County for devastavit and damages against appellees as sureties on the bond of said Nettie M. Norton, guardian. These facts are apparent from the face of appellant's pleadings and brief; the instant suit, seeking, not a judgment of any sort against defendants, but rather a declaration or decree, restoring and fixing the status of plaintiff as an adult of sound mind during the period of guardianship, as a material element in such suit on the guardian's bond, yet to be adjudicated.

Texas courts are not now empowered to render declaratory judgments as such; 25 Tex.Jur.Judgments, Sec. 10, p. 375; though authorized by statutes in many other jurisdictions. This character of decree contemplates a binding declaration of right or status without consequential relief or executory process. On the other hand, the decisions of this state require that an equitable bill of review must effectuate the relief sought completely within the particular proceedings. Hermann Hospital Estate v. Nachant, Tex. Com.App., 55 S.W.2d 505. The statute, Art. 4328, R.S., under which this suit is maintained manifestly involves the same procedure. Kelsey v. Trisler, 32 Tex.Civ.

App. 177, 74 S.W. 64. Except in cases that may be prescribed by law, our courts do not try cases by piecemeal. It is well to note in this connection that even under the Federal Declaratory Judgments Act, Jud.Code, § 274d, 28 U.S.C.A. § 400, the United States Courts properly exercise their discretion in refusing declaratory relief when to entertain the bill would result in a piecemeal trial of a controversy without benefit to anyone, it being well settled that the declaratory remedy should not be invoked merely to try issues or to determine validity of defenses in pending cases. See Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, and authorities there cited.

■ Assuming these proceedings in guardianship to be utterly void in their inception as plaintiff contends, they need not be assailed directly, though it is doubtful if plaintiff's bill is sufficient as to parties to be considered a direct attack. Moore v. Evans, Tex.Civ.App., 103 S.W. 2d 850; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932. The validity of the former guardianship could be challenged collaterally in plaintiff's main suit for devastavit or on the bond. "While a void judgment may be attacked directly, as well as collaterally, there is no necessity for doing so; it need not be vacated or set aside; it may be simply ignored. And when some right is asserted under the judgment, its validity may be pointed out by anyone in any kind of proceedings, in any court, at any time." 25 Tex.Jur., Judgments, Sec. 252, p. 686. The legality of Mrs. Norton's original appointment as guardian is properly reviewable when plaintiff's principal cause of action against defendants has been tried and appeal taken. However, we do not think it premature to say, from an inspection of the probate papers, that the original proceeding involving plaintiff as ward was undoubtedly filed under Art. 4123, R.S., Vernon's Ann.Civ.St. art. 4123, and not Art. 4272, R.S. (Title 69, Guardian and Ward). So here, if no jurisdiction was obtained over George H. Cheney, an adult, or his property, by Mrs. Norton's petition for guardianship, either for want of statutory notice, under Story v. Story, Dallas Court of Civils Appeals, writ refused, 105 S.W. 2d 370, or for other insufficiencies reflected by the application itself, or the probate record, under the principles of Greenwood v. Furr, Tex.Civ.App., 251 S.W. 332, jus-

ticiable issues will follow for determination in the forum where plaintiff's principal controversy against defendants now pends.

Concluding that neither of the lower courts had power or jurisdiction to entertain the bill of review under the circumstances of this record, it is our opinion that the judgment in this cause should be reversed and remanded to the district court with directions to dismiss the appeal to that court.

Reversed with instructions.

### On Motion for Rehearing.

■ From appellee's motion for rehearing we see that the final wording of the original opinion above should be made more definite, in this: That the district court be further instructed to direct the probate court from which the appeal lies, to dismiss the cause; and that its judgment to such effect be certified to the county court for observance. With this addendum, appellee's motion is overruled.