HULDAH FARMER, ADMINISTRATRIX, ET AL., v. P. J. SAUNDERS ET AL.

Decided April 2, 1910.

**1.—Judgment—Jurisdiction—Collateral Attack.**

A judgment of a domestic court of general jurisdiction regular on its face can not be collaterally attacked by evidence aliunde the record concerning any jurisdictional fact which the court must have passed upon in rendering judgment.

**2.—Same—Probate Court—Administration.**

A judgment of a County Court, sitting in matters of probate, appointing an administrator and assuming jurisdiction of the estate of decedent and not shown to be void on its face, is binding upon the parties affected until regularly vacated or set aside by a direct proceeding for that purpose.

**3.—Same.**

A County Court is a court of general jurisdiction in probate matters and its judgment in appointing an administrator of an estate can not be attacked collaterally on the ground that the decedent did not reside in the county where the administration was opened.

4.—Administration—Allowance of Claim—Appeal.

An heir to an estate has a right to object to the allowance and approval of a claim against the estate and to appeal from a judgment approving the same.

Appeal from the District Court of Fisher County. Tried below before Hon. Jno. W. Woods.

L. B. *Allen* and M. A. *Hopson,* for appellants.

L. H. *McCrea,* for appellees.

SPEER, ASSOCIATE JUSTICE.—On April 9, 1906, the county judge of Fisher County duly appointed W. B. Ferrel as administrator of the estate of F. Shifflet, deceased. On December 7, 1906, P. J. Saunders, for himself, wife and other heirs of said Shifflet, filed objections in the County Court of Fisher County to W. B. Ferrel acting as such administrator, attacking the jurisdiction of the County Court of Fisher County over said estate. This plea was amended April 12, 1907, further protesting against the approval of a certain claim in favor of T. G. Farmer, which the administrator had allowed. On July 8, 1907, the County Court of Fisher County overruled the plea to its jurisdiction, but on the same day removed W. B. Ferrel as administrator and appointed Huldah Farmer in his stead. On July 9, 1907, the court allowed the claim of Farmer, and Saunders gave notice of appeal to the District Court of Fisher County, filing his appeal bond on July 17th.

In the District Court the administratrix sought to dismiss the appeal, and interposed general and special demurrers to Saunders' pleadings, all of which were overruled, and, on the verdict of a jury finding that F. Shifflet resided in Coleman County, Texas, at the date of his death, the court rendered judgment that the County Court of Fisher County was without jurisdiction to hear and determine the administration of said estate, and holding for naught its several orders and decrees therein. From this judgment the administratrix has appealed.

It is undoubtedly true by article 1843, Sayles' Texas Civil Statutes, that the proper county in which to open administration of the estate of F. Shifflet, deceased, was the county where the deceased resided at the time of his death. It is not specifically declared by statute that an administration opened in any other county would for that reason be void, as is the case of an administration granted upon an estate of a living person (see article 1842) ; but for the present purposes it may be conceded that such would be the case. There is a well defined rule of law, growing out of considerations of public policy, which precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. (Crawford v. McDonald, 88 Texas, 626.) That the Probate Court in Texas is a court of general jurisdiction is a fact too well established to require the cita-

tion of authorities. Necessarily the question of the jurisdiction of the County Court of Fisher County to grant letters of administration on the estate' of F. Shifflet, deceased, was passed on by that court preliminary to its appointing W. B. Ferrel administrator, and there is nothing in the record of that proceeding to show affirmatively that such power did not exist. Indeed, it is not contended there is. Now, the decrees or judgments of a Probate Court, not shown to be void upon their face, are binding upon the parties affected until regularly vacated or set aside by a direct proceeding for that purpose. (Hicks v. Oliver, 78 Texas, 233; Crawford v. McDonald, 88 ·Texas, 626; Hirshfeld v. Brown, 30 S. W., 962.)

It will be seen from what has been stated that appellee made no effort to appeal from the order of the County Court of Fisher County appointing W. B. Ferrel administrator. Without such appeal, there being no contention of fraud or other equitable grounds for interference, the judgment became final and binding on appellee and those whom he represents at the adjournment of that term of the County Court. (Hicks v. Oliver, supra; Hirshfeld v. Brown, supra.) The District Court, therefore, should have sustained appellants' demurrers to that portion of appellee's pleadings attacking the jurisdiction of the County Court of Fisher County, since the vice herein pointed out appeared on the face of such pleadings.

The ruling on the motion to dismiss the appeal from the County Court, however, was right, since appellee was undoubtedly authorized to interpose objection to an allowance of the Farmer claim, and to appeal therefrom in the event the ruling should be against him. This he did in the time allowed by law, and this part of his appeal should have been entertained and determined in the District Court, and, to the end that the same may be passed on, the judgment of the District Court is reversed and the cause remanded.

The ·disposition we have made renders it unnecessary to pass on other questions presented by appellant.

*Reversed and remanded.*