**REEVES et al. v. FUQUA et al.　(No. 2439.)***

(Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1925. ·Rehearing Denied
· Nov. 25, 1925.)

1. **Evidence ⬯82—Order confirming sale as of certain date presumed to refer to order actually· made 3 days .prior.**

Order confirming a sale by administratrix and referring to order of sale as of a certain date, where there was no order of sale of such date, will be presumed to refer to order dated several days prior, where no other order is shown to have been entered at any time approximating that date.

2. **Constitutional law ⬯75 — Order for public or private sale by administratrix held not delegation of judicial power.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3496, an order of sale to be executed by administratrix by either public or private sale at a fair price, when approved under Vernon's Ann. Civ. St. Supp. 1918, art. 3496, *held* valid as against contention that· it was delegation to administratrix of judicial power under Vernon's Sayles' Ann. Civ. St. 1914, art. 3501.

3. **Executors and administrators ⬯349(1)— Order authorizing administratrix to sell not vacated by subsequent order to sell. ·**

Where an order to administratrix to sell real estate was· not complied with, a subsequent order more than 5 years later, authorized under Vernon's Sayles, Ann. Civ. St. 1914, art. 3502, on application not praying that first order be

canceled or set aside, did not operate to vacate the first order.

4. **Judgment ⬯518—Suit in district court attacking an order and decree of probate court of another court is "collateral attack."**

A suit in district court of one county to invalidate a sale under order, and confirmed by decree, of probate court of another county, is a "collateral attack" which is an attempt to impeach a judgment by matters dehors the record, in an action other than that in which it was rendered or a proceeding in which integrity of a judgment is challenged, except in the action wherein judgment is rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

5.· **Executors and administrators ⬯383—Gross inadequacy of price in sale by administratrix not fraud warranting. collateral attack on decree confirming it.**

Gross inadequacy of price received by administratrix in sale of real estate under order of probate court is not sufficient basis in itself for charge of fraud sufficient to confer jurisdiction on district court in a collateral attack seeking to invalidate order of, and decree confirming, sale.

Appeal from District Court, Floyd County; Reese Tatum, Judge.

Suit by Sim Reeves and others against W. H. Fuqua and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. W. Kirk and Griffin & Overson, all of Plainview, and L. G. Mathews, of Floydada, for appellants.

Williams & Martin, of Plainview, and Adkins & Kimbrough, of Amarillo, for appellees.

RANDOLPH, J. The following statement of the case is taken· from appellants' brief:

This suit was instituted on October 18, 1924, in the district court of Floyd county by Sim Reeves for himself and ·as next friend of Helen Ruth Reeves, and by Garnet Reeves and Thelma Boswell, joined by her husband, R. C. Boswell, as plaintiffs, against W. H. Fuqua and H. E. Fuqua, as defendants, alleging that plaintiffs are heirs of Oscar T. Reeves, deceased, who died prior to the filing of this suit in Hale county, Tex., intestate, leaving surviving him their mother, Minnie Reeves, and a minor brother, who had died subsequent to the death of their father and prior to the filing of this suit, unmarried and intestate; that, at the time of the death of their father, he and their said mother owned certain lands; that, prior to his death, their father was indebted to appellee W. H. Fuqua in certain sums of money evidenced by notes, secured by a deed of trust on said lands; that, after the death of their father, their mother, Minnie Reeves, qualified as administratrix of his estate; that appellee W. H. Fuqua seasonably presented his claim against

said estate in said administration and that same became merged into a judgment; that in said administration the administratrix obtained an order authorizing her to sell said lands to pay said claim; but that said order was void, in that same undertook to empower her to fix the manner of sale and the terms of sale; that, long subsequent to said order, appellee W. H. Fuqua made application in said administration, asking for recognition, establishment and foreclosure of said lien, and directing the administratrix to sell said land and pay his claim and that due notice thereof be given as required by law; that, by order of said probate court, said lien was established and foreclosed and said administratrix directed to sell said lands, after giving due notice thereof, at public sale within legal hours, at the courthouse door of Hale county, Tex. (the county in which said administration was pending), one-third cash and the balance on 12 months' time secured as directed by law; that the last-mentioned order was appealed from to the district court of Hale county, and, upon hearing thereof, appellee W. H. Fuqua obtained an order recognizing, establishing, and foreclosing said lien and directing said administratrix to sell said lands, after giving due notice thereof, at public sale within the hours prescribed by law at the courthouse door of Hale county, one-third cash and the balance on 12 months' time, secured as directed by law, and that said order be certified to the probate court of Hale county for observance, which was in due time done; that said order last obtained revoked and superseded said first order; that said administratrix sold said land to appellee W. H. Fuqua at private sale for cash and reported said sale as made under and by virtue of said first order; that said sale to appellee W. H. Fuqua was for $27,000, and that, at the time made, said land was worth $60,000, and that the sale price was grossly inadequate and below the market value of the land; that the probate court of Hale county did not inquire into nor hear evidence as to whether said price for said land was a fair price; that said sale to appellee W. H. Fuqua, and the approval thereof, were void; that said first order was not only void at the time made and entered, but became revoked and superseded by said second order; that said sale to appellee W. H. Fuqua was void because made in disobedience of said second order and the order of said district court, and because made for a grossly inadequate price; that said administratrix unlawfully paid to appellee W. H. Fuqua the sum of $8,421.62 out of the funds belonging to said estate as attorney's fees to certain attorneys, representing, in the presentation of his said claim against said estate, in that said attorneys were attorneys for administratrix and received pay to the amount of over $1,700 from the funds of said estate, and that, in the presentation of said claim, it is alleged that said W. H. Fuqua had contracted with said attorneys to pay them only $3,000 for the presentation of said claim, as based upon the stipulation of attorney's fees in said notes, and that said sum of $8,421.62 was in excess of said $3,000, and that in the payment of said sum of $8,-421.62 is void as against public policy, and that the approval thereof by said probate court was void; that said administration was closed at the time of the filing of this suit; and that the plaintiffs were minors at the close thereof.

By their amended petition, also, plaintiffs allege the rental value of the land since the date of the sale and prays for cancellation of said orders of sale, the deed from the administratrix conveying the land to W. H. Fuqua, for judgment against him for the annual rental, for their part of the said sum of $8,421.-62, with interest thereon, for partition of said land, for general and equitable relief, and offering to do equity. This statement is accepted by appellees as being substantially correct, except that they suggest one correction, viz. appellants' statement that Mrs. Reeves, the administratrix, obtained an order authorizing her to sell the land to pay the claim of appellee W. H. Fuqua; appellees claiming that the pleadings of appellants do not show whether it was to pay some other debt, to pay debts generally, or to pay the debt of Fuqua.

We also call attention to the fact that this statement shows that this suit was filed on October 18, 1924. By reference to the appellants' first amended petition, it will be seen that it recites that the original petition was filed on the 21st day of March, 1924.

On hearing upon exceptions, the trial court sustained appellees' general demurrer and certain special exceptions, and appellants refusing to amend, the cause was dismissed. From such judgment of dismissal, appeal has been had to this court.

That the questions presented in appellees' brief and discussed by us may be more clearly understood, we make a further statement giving the wording of the various orders that are contested and which are attached to plaintiffs' brief, and number them by paragraphs.

(1) Order of the county court of Hale county ordering the sale of real estate belonging to the estate:

"The petition of the administratrix for the sale of real estate belonging to said estate coming on to be heard, on this the 15th day of October, 1909, and it appearing that said petition has been filed and notice given in the manner and for the time required by law, and there being no opposition to said petition, and it appearing that the sale of said lands is necessary to provide for the payment of the debt due and owing by said estate: It is therefore ordered, adjudged, and decreed by the court that Mrs. Minnie Reeves, the administratrix of the estate, be and she is hereby authorized to sell for cash or on such terms as she may deem best, at pub-

lic or private sale as she may elect, any or all of the real estate belonging to said estate and more particularly described as follows: [Followed by description of lands situated in Briscoe, Floyd, and Hale counties.]"

This order further requires that "all sales be reported to this court for confirmation before consummation."

(2) It does not appear that there was any effort made by the administratrix to comply with this order up to the 7th day of November, 1915, on which date appellee Fuqua filed his petition in said pending administration, in which petition said W. H. Fuqua alleged the execution of the notes by Oscar T. Reeves, deceased, their presentation to and approval by the administratrix and the court as a valid existing lien claim against the said estate, the execution of the deed of trust by said Reeves, deceased, to secure the payment of such notes, the express retention by him of his trust deed lien, and prays, after prayer for service, that at the hearing of said petition the lien created by said deed of trust be foreclosed. There is no reference to the former order of sale granted by the probate court of Hale county, and no complaint of the delay of the administratrix in complying with same. The only complaint made in such petition is that, except as to certain credits set out, the administratrix, though often requested, has failed and refused to pay such debt.

(3) Service of notice of the filing of this petition was duly had, and, on the 16th day of June, 1915, the probate court of Hale county entered an order establishing and foreclosing the deed of trust as it existed on the 17th day of June, 1905, and ordering the administratrix, Mrs. Reeves, to "sell at public sale at the courthouse door of Hale county, in the town of Plainview, in the state of Texas, on the first Tuesday in November, 1915, on the terms hereinafter specified, the following described tracts or parcels of land," and here follows description of lands, including the lands in controversy. The administratrix is directed by this order to sell the land for one-third cash and the remainder on 12 months' time, and to sell same in the manner required by law and within the hours prescribed by law. The order also requires that the proceeds of such sale shall be applied to the payment of the debt of said W. H. Fuqua. No reference is made in this order to the first order, order No. 1.

(4) From the above order of the probate court an appeal was had by the administratrix to the district court of Hale county and, on such appeal, judgment was rendered by said district court on the 20th day of August, 1915, in favor of appellee W. H. Fuqua and against such administratrix, establishing and foreclosing Fuqua's deed of trust upon the land in controversy herein, and ordering and directing said administratrix to "give notice as required by law, and sell at public sale at the courthouse door of Hale county, in the town of Plainview, in the state of Texas, on the first Tuesday in November, 1915, between the hours of 10 a. m. and 4 p. m., on the terms hereinafter specified, the following tracts or parcels of land," and describing the land ordered sold, which includes the land in controversy, and further ordering that the sale be made for one-third cash and the remainder on 12 months' time, taking vendor's lien notes secured with good personal security, and by mortgage with power of sale on the land so sold, as required by law, and to apply the proceeds of such sale, first, to the payment of the remainder due on the Fuqua notes.

There is nothing in the record, shown by exhibits, to show that the judgment of the district court above noted was ever certified to the county court of Hale county for observance, but in the appellants' petition it is alleged that same was seasonably and duly certified to such probate court.

(5) Nothing appears to have been done by the administratrix in compliance with and under the terms of this last order, but, by her report, which appears to have been sworn to on the 27th day of July, 1916, the administratrix reports to said probate court of Hale county:

"That she, in obedience to the order of sale made and entered by this court herein on the 18th day of October, 1909, sold to the following named persons the following described tract of land belonging to the estate at private sale, for the prices hereinafter set out, same to be paid in cash upon the confirmation of such sales, to wit."

Such report describes the land in controversy as well as other land. The report further states:

"Your administratrix further shows that said sales were made according to law, at a fair price, and that it is necessary to consummate said sales to pay debts of the estate."

(6) Acting on this report the probate court of Hale county entered the following order of confirmation:

"No. 99. In re Estate Oscar T. Reeves, Deceased. In County Court, Hale County, Texas, Sitting in Probate. Saturday, August 5, 1916. This day came on to be heard in this cause the report of Mrs. Minnie Reeves, administratrix of the estate of Oscar T. Reeves, deceased, said report having been filed herein on July 28, 1916, and having been on file in this court for more than 5 days, which report is here referred to and made a part of this order, in which she reports the sale of certain lands hereinafter described to ――――, and in which she reports certain other lands, hereinafter described, to W. H. Fuqua for the price of $27,000; and it appearing from said report that both of said sales have been made by said administratrix for cash, and the court having inquired in the manner in which said sales were made, and having heard the evidence in support of such report, no opposition having been made, and no evidence being offered against such report, and the court being satis-

fied that both of said sales were fairly made and in conformity with law and in pursuance of an order heretofore made and entered by this court on the 18th day of October, 1909: It is therefore ordered and decreed by this court that both of said sales referred to in such report be and they are hereby confirmed and that said Mrs. Minnie Reeves, as administratrix of the estate of Oscar Reeves, deceased, be and she is hereby ordered and directed * * *

"It is further ordered that said administratrix make, execute, and deliver to the said W. H. Fuqua proper conveyance, upon payment by him of said sum of $27,000 to said administratrix, of the following described tracts or parcels of land"—following with a description of the land in controversy.

[1] The date of the order of sale relied on by appellees is October 15, 1909, but it is referred to in the report of sale noted in paragraph 5 above, and in the order confirming same, noted in paragraph 6 above, as of date October 18, 1909. Such reference was evidently a clerical error. No other order of sale is shown to have been entered by the court at any time approximating that date; hence the presumption is that such reference was intended to be made to the order of sale dated October 15, 1909. Barton et al. v. Davidson (Tex. Civ. App.) 45 S. W. 400.

[2] Appellants attack the order of sale shown by their pleading to bear date October 15, 1909, upon the following grounds: (a) That said order undertook to empower the administratrix to fix the terms and manner of sale and that the administratrix sold the land under a void order; (b) that the power to fix the terms and manner of sale of land by a probate court is a part of the judicial power of the court, and an order from the court delegating such power to an administrator is void, and the confirmation of a sale under such order is a nullity. To sustain these contentions appellants cite: Article 3501, V. S. C. Stats. of Texas, 1914; 11 R. C. L. § 390; Hamilton v. Pleasants, 31 Tex. 638; Jones v. Gilliam (Tex. Civ. App.) 199 S. W. 694; 24 C. J. § 1558; Graham v. Hawkins, 38 T. 632; Cruikshank v. Luttrell, 67 Ala. 318; Pryor v. Davis, 109 Ala. 117, 19 So. 440; Wilkins v. Owens (Tex. Civ. App.) 110 S. W. 552. We are of the opinion that such authorities do not sustain appellants' contentions. We think a brief review of the cited authorities will show that this is true.

Article 3501, above cited, provides that, when property of an estate is ordered to be sold by the county judge, such order shall be entered on the minutes of the court, shall describe the property to be sold, and the time and place of sale.

11 R. C. L. lays down the rule as governing such cases as therein indicated:

"The probate or orphans' court as a general rule has power to prescribe the mode and terms of sale of real estate of a deceased person, provided it acts in accordance with the provisions of the statute law relating thereto. The

terms of sale are part of the judicial decree to be made by the court and not by the personal representative, and therefore it is his duty to strictly conform to its requirements; he has no discretion to exercise in the matter. An administrator can make no terms with a purchaser at his sale, which the orders of the court or the law do not warrant, and of the nature of such orders and of the law the purchaser has the same means of knowing and understanding as the administrator. If he disregards the mandate of the court and violates its orders in regard to the terms of sale, the sale itself may be a nullity."

In the Hamilton Case cited, the same rule is laid down. In the Graham Case there was no order of confirmation, and no inventory, and the order of sale was held void because the court could not determine that the action of the court entering the order had ever been exerted in any legal manner over the land actually sold.

Chief Justice Huff, speaking for this court in the Jones Case, says:

"It is elementary that the title to the land belonging to a decedent does not vest in the administrator, but in his heirs. The land cannot be sold by the administrator except for certain specified purposes and upon an order duly made by the probate court. The administrator is not vested with the discretion with reference to such sales, but it rests with the probate court. In other words, the administrator is an officer of the court, and only the executive arm of the court with reference to the sale of land. Such representative, therefore, acts under the direction and under the control of the court. The power is in the court to fix the terms of the sale. It is therefore the duty of the administrator to strictly conform to the terms or requirements of the order."

The case of Pryor v. Davis holds that the court, not the personal representative, is the vendor.

The Cruikshank Case lays down the rule that the powers of a personal representative are derived wholly from the statutes, and must be exercised as they direct. 24 C. J. § 1558, is to the effect that an administrator must act in his administrative, not in his personal capacity.

The Wilkins Case merely holds that, where the order of the court empowers the administrator to sell certain town lots in the town of Plainview, such order constituted no authority for the sale of acreage property.

The questions presented in this case are not strictly jurisdictional. The jurisdiction of the court to administer on the estate is not questioned, nor is the power of the court to order the sale of land belonging to the estate raised here, except to the manner and form of performing such duties as the court has attempted to perform. The power of the court to do the things relied on by appellees is not challenged by appellants. Withers v. Patterson, 27 Tex. 491, 497, 86 Am. Dec. 643.

Article 3496, V. S. C. Stats. 1914, provides

that the court may order a sale of real estate to be made, for cash or on a credit of not more than 12 months, as he may direct, at private sale, but requires in all such cases, before the county judge shall order a confirmation of the sale, it must be shown, in addition to the other requirements of this statute, that the sale was made for a fair price. This article was in effect when the sale was ordered by the county court as set out in the first order, but, before the report of sale was made and acted on by the county court of Hale county, the Legislature amended this article (see article 3496, V. T. C. Stats. 1918), in which it is provided by such amendment that—

When it "shall appear to be to the interest of the estate, the county judge may order a sale of real estate to be made at public or private sale for cash, or for part cash and part credit, * * * then upon terms to be determined by the judge of said court; provided, that one-fifth of the purchase price must be paid in cash, and the executor or administrator shall retain a lien upon said premises to secure the payment of the deferred payment. It must be shown, in addition to the other requirements of the statutes of the state of Texas, that said sale was made for a fair price, and no personal security shall be required of the purchaser of said property, unless the county judge shall deem it necessary."

It will be seen by a reading of the original article and of the amendment that practically the only change in the requirements of the original article made by the amendment is the addition of the provisions for the sale on a credit. Under both and each, the original and the amendment, the provision is made for a private sale for cash. While, in our opinion, the provisions are identical in permitting a private sale for cash, and whether judged by the one or the other, the result is the same, yet we think that, the sale having been initiated under the original, it should be consummated under the terms of that article. Halbert v. Martin (Tex. Civ. App.) 30 S. W. 388, 389.

It is true that the first order, under which the sale was had, uses the language "to sell for cash or on such terms as she may deem best, at public or private sale as she may elect." This language may be taken as vesting a discretion in the administratrix not warranted by law. But this discretion is apparent, not real. The court, by the very terms of such order, limits this discretion by saying to her that she must report all sales to him for confirmation before such sales can be consummated. Clearly the administratrix was authorized, by the law and by the terms of such order, to sell at private sale for cash, and there was no such delegation of authority, or of the court's power, as would give her authority, or attempt to give her authority, to make a sale at her pleasure and upon her judgment alone. In addition, the court having passed upon the allegations of the re-

port of sale, in which, among other things, it is alleged that the sale was for a fair price, and, having heard the evidence, and having determined that the sale was fairly consummated, all such questions were concluded by such confirmation. If such order and sale were defective in some respects, the court's action in confirming the sale cured, such defects. 24 C. J. § 656.

[3] Before discussing the other questions of direct and collateral attack, etc., we will dispose of appellants' proposition in which it is insisted that the proceeding in which W. H. Fuqua made application to the probate court to have the land sold, the order of the probate court thereon, and the order entered on appeal by the district court ordering the sale of the land by the administratrix supersedes the first order of sale made on the application of the administratrix, and, consequently, that the sale under the first order was void. The proceeding by W. H. Fuqua to force the administratrix to sell the land was filed more than 5 years after the granting of the first order and was authorized by the fact that his debt remained unpaid and was also authorized by article 3502. In his petition for an order of sale, W. H. Fuqua did not, as before stated, complain of the failure of the administratrix to obey the first order, and made no reference whatever to that order, except to complain that his debt was not paid and that the administratrix failed and refused to pay same, yet it was clearly intended to accelerate her action in making such sale. She had not complied with the first order for a period of more than 5 years. Fuqua's proceeding was for the purpose of forcing a sale of the land; that was its apparent purpose. There was no prayer in his petition that the first order be canceled or set aside, but only that she be ordered to sell the land, and that was the effect of the subsequent orders of the probate and district court, and we cannot hold that the second order vacated the first order. Hirshfeld v. Brown (Tex. Civ. App.) 30 S. W. 962, 964.

[4] Further considering the questions involving the validity of the first order of sale, we will now indicate our views upon the question whether or not the plaintiffs' petition is a collateral attack upon the judgment of the court entering the probate orders, etc., and in the matter of the trial court sustaining appellees' general exception and special exceptions leveled at plaintiffs' petition.

Appellants brought this suit in the district court of Floyd county. Appellees, in their answer, except generally and specially to such petition and the allegations therein contained. The trial court sustained the general exception, and also sustained special exceptions to said petition presenting the following grounds: That appellants' pe-

tition shows on its face to be a collateral attack upon the judgments and decrees of a court of competent jurisdiction having power and jurisdiction to make and enter the order attempted to set same aside; that said petition is insufficient, in that the district court of Floyd county is asked to set aside the judgment and decree of the county court of Hale county, it appearing from the facts alleged in said petition that said county court had jurisdiction of the parties and subject-matter, and the power to enter each and every decree and judgment which plaintiffs seek the cancellation of, and that each and all of said judgments were at most voidable and none of them void; that it appears from the allegations of said petition that defendant W. H. Fuqua has had entered an order establishing and foreclosing his deed of trust lien which lien was given to secure a debt of $92,000, and that if the orders of sale and confirmation thereof were void, as alleged by plaintiffs, then that said deed of trust lien merged into said judgment by an order of the probate court, originally made and entered, is still a valid, subsisting lien, and there is no offer to discharge same or tender the money, or any part thereof, due and owing to defendant W. H. Fuqua, by virtue of said judgment and foreclosure proceedings in the county court aforesaid; that all matters set out in said petition are shown therein to be res adjudicata, and that the identical amount of $8,421.62, as set out in paragraph 14a of said petition, has been heretofore the subject-matter of an inquiry of the county court of Hale county, Tex., and that a judgment has heretofore been entered by said court duly allowing same, and that said court had jurisdiction of the parties and subject-matter, and that the identical claim sued for and set out in said paragraph 14a was duly presented to said court and judgment finally entered allowing said amount to defendant W. H. Fuqua; that said paragraph 14a is a collateral attack upon a judgment of a court of competent jurisdiction; that the plaintiffs' cause of action is shown by said petition to be against the administratrix and her bondsmen, and not against defendants; nonjoinder of causes of action for money and land; shows that as to plaintiffs Sim Reeves and Thelma Boswell limitations has run and that their cause of action, if any, is barred.

We do not hold that the order entered by the probate court of Hale county, upon the application of W. H. Fuqua for the sale of the land, is void; but, as appears from what we have heretofore said, we hold that such order so entered by the probate court did not supersede, vacate, or set aside the first order.

We wish to state here that the petition discloses that the administration on the estate of Oscar T. Reeves was closed at the time of the filing of the suit in the district court of Floyd county, for which this appeal was taken.

Is the suit brought by the appellants in the district court of Floyd county a direct or collateral attack on the order and decree entered by the probate court of Hale county? It is, beyond question, a collateral attack. A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered. 34 C. J. § 827, p. 521; Continental Gin Co. v. De Bord, 34 Okl. 66, 123 P. 159, 161; Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458, 475. By collateral attack is meant any proceeding in which the integrity of a judgment is challenged, except in the action wherein the judgment is rendered. McKinney v. Adams, 95 Miss. 832, 50 So. 474.

Justice Denman in the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 327, defines a collateral attack on a judgment, as:

"An attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid [to amend, reform, vacate, or enjoin the execution of same], as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc. Tested by these principles, it is clear that the attack on the judgment of the probate court confirming the sale in the case before us is collateral."

A direct attack on a judgment of a court of competent jurisdiction is permitted on statutory grounds, by appeal, certiorari, etc., and because of fraud, accident, or mistake in the rendition of the judgment.

That the court of probate is a court of general jurisdiction is held in the Crawford Case, supra, to be settled beyond controversy. Judge Speer in the case of Farmer v. Saunders, 60 Tex. Civ. App. 197, 198, 128 S. W. 941, 942, follows the rule laid down in the Crawford Case, and says:

"That the probate court in Texas is a court of general jurisdiction is a fact too well established to require the citation of authorities. Necessarily the question of the jurisdiction of the county court of Fisher county to grant letters of administration on the estate of F. Shifflett, deceased, was passed on by that court preliminary to its appointing W. B. Ferrel administrator, and there is nothing in the record of that proceeding to show affirmatively that such power did not exist. Indeed, it is not contended there is. Now, the decrees or judgments of a probate court not shown to be void upon their face are binding upon the parties affected until regularly vacated or set aside by a direct proceeding for that purpose."

See, also, Hicks v. Oliver, 78 Tex. 233, 14 S. W. 575; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Halbert v. Martin (Tex. Civ. App.) 30 S. W. 389; Heath v. Layne, 62 Tex. 686; Jackson v. Houston, 84 Tex. 622, 19 S. W. 799; Gillenwaters v.

Scott, 62 Tex. 670; McGrady v. Clary (Tex. Civ. App.) 247 S. W. 1100.

In the case of Heath v. Layne, supra, it is expressly held that the district court has no jurisdiction to revise, review, correct, etc., the orders, judgments, or other proceedings in an original proceeding brought in such district court. Hence the proceedings instituted by appellants in the district court of Floyd county, being a collateral attack upon a judgment of a court of competent jurisdiction, and the petition showing that the probate court, whose orders are attacked, had jurisdiction of the estate and had power under the statutes of Texas to enter the orders it did enter, and the appellants having failed to exercise the statutory modes of attacking such judgment, the district court of Floyd county had no jurisdiction to entertain the suit attacking such decrees and orders, unless such jurisdiction could be exercised by reason of any allegation of fraud contained in the petition. Of course, we do not intend to hold that if the county court had assumed jurisdiction of a subject-matter which did not come within its cognizance as provided by the Constitution and the laws of Texas, and had rendered a judgment affecting such subject-matter, such judgment could not be attacked, for such judgment would be void. But we do hold that when a court of general jurisdiction enters a judgment or order in a case of which it has jurisdiction of the subject-matter, and such judgment comes within its powers which the law vests it with, such judgment or decree cannot be attacked collaterally.

[5] Again, if the appellants' petition had presented fraud in the consummation of the sale of the land to Fuqua, which, if established, would invalidate the sale, then such petition would have stated such a cause of action as would have entitled them to invoke the jurisdiction of the district court. Does the petition make such charge of fraud? Is the allegation in appellants' petition that the consideration for the sale is grossly inadequate sufficient to charge fraud? The allegations relied on by appellants, and which it is claimed charge fraud, are as follows:

"That said sale was not fairly made and is invalid, in that said land was sold for a price by the administratrix to W. H. Fuqua under the real market value thereof for a grossly inadequate price, in this, the price paid by him to said administratrix for said land was $27,000, as affirmatively appears from said probate record and as shown by 'Exhibit I' and which was thereafter confirmed by the court as affirmatively appears from said probate records, a true copy of which is hereto attached and made a part hereof, marked 'Exhibit S,' and at the time of said sale said land was well worth the market, $60,000, by reason whereof these plaintiffs, as heirs of said Oscar T. Reeves, deceased, sustained great injury, and that a reasonable annual rental of said lands, since the date of the purported sale, as shown by said 'Exhibit S,' is

one dollar per acre, to the extent of the total of which, as to the interest of these plaintiffs therein, they have sustained further damages annually by reason of said purported sale of said lands, and said deed from said administratrix, conveying said land to W. H. Fuqua by reason of the premises, is void. And in this connection plaintiffs inform the court that in the confirmation of said sale the probate court made no inquiry as to the fairness thereof, nor heari any evidence as to the value of said land at the time of said purported sale."

It will be observed from this pleading that the charge made is that the sale was not fairly made because the land was sold for an inadequate price; but there is no allegation of fraud in the sale, no allegation of combination between the administratrix and the purchaser, which resulted in the sale being made for such inadequate price, no intent to deceive alleged, and no deception alleged to have been practiced by the purchaser, such as appears in the case of Fisher v. Wood, 65 Tex. 199, and in McCampbell v. Durst, 73 Tex. 410, 11 S. W. 380. The record discloses that the court heard evidence to sustain the report and none was offered in opposition to it. The report of sale recited that the sale was made for a fair price, and the court, in approving it, necessarily had to pass upon this phase of the sale, and he does find that such was fairly made and in accordance with law. The court might have erred in so finding, but, in the absence of fraudulent misconduct on the part of the administratrix or purchaser, such finding is absolutely binding upon the estate. The statute only requires that it must be shown that the sale was made for a fair price and it is not required that his order confirming the sale recite that he so found.

In passing upon the charge of gross inadequacy of price, Judge Gaines in the case of Capt v. Stubbs, 68 Tex. 222, 4 S. W. 467, says:

"In reference to the latter ground, it is sufficient to say that it is to be presumed that the court did its duty, and that the evidence was heard; that statutes do not require that the minutes of the court shall show affirmatively that this was done."

Under the rule which we adopt in our discussion on collateral attacks on judgments of courts of competent jurisdiction, we must hold that appellants' attack upon the order of the probate court, being an attack upon an order of the probate court of Hale county entered upon the claim for same duly adjudicated, cannot be sustained. Bloom v. Oliver, 56 Tex. Civ. App. 391, 120 S. W. 1101.

As to the questions of tender and of limitation, raised by appellees' exceptions, we do not think it necessary to pass upon them here, except as to the exception raising the matter of the limitation as to the cause of action asserted by Thelma Boswell and Sim Reeves. We think the record clearly dis-

closes that their right of action, if any they had, is barred.

We therefore hold that the trial court did not err in sustaining the general and special exceptions of appellees to appellants' petition, and, when appellants refused to amend, he did not err in dismissing the cause of action, and affirm the judgment of such court.

JACKSON, J., not sitting.

On Motion for Rehearing.

RANDOLPH, J. We have concluded that we erred in holding that limitation had run. against the claim of Thelma Boswell and Sim Revees. The proof of their ages was not shown by any pleading, and was only shown by the recitals in an exhibit attached to plaintiffs' petition and pleaded for an entirely different purpose, and upon an entirely different issue. Freiberg v. Magale, 70 Tex. 118, 7 S. W. 684; Burks v. Watson, 48 Tex. 107, 115.

For this reason we withdraw that portion of our opinion and holding, and, as the other holdings sustain the action of the trial court in dismissing the case, we overrule the appellants' motion for rehearing.