**STEWART OIL CO. v. LEE.**

No. 14540.

Court of Civil Appeals of Texas.
Fort Worth.

July 9, 1943.

Rehearing Denied Sept. 10, 1943.

Clower & Wilson, of Tyler, for appellant.

McEntire & Shank, of Dallas, for appellee.

SPEER, Justice.

Stewart Oil Company, a co-partnership composed of M. E. Stewart, A. E. Stewart, and Lola I. Stewart, hereinafter called plaintiff, sued Roy Lee, Trustee, hereinafter referred to as defendant, in trespass to try title to recover an undivided 1/40th interest in and to an oil and gas leasehold estate in and under an adequately described tract of land of 1027 acres in Clay County, Texas.

Plaintiff claims title to the interest under a lease dated May 11, 1942, from a guardian of named minors, the guardianship proceedings pending in Dallas County, Texas, and plaintiff alleges further that defendant is claiming the interest sued for under a lease dated March 4, 1940, from a guardian of the minors, in a proceeding pending in Probate Court of Clay County, Texas, but that the Clay County proceeding was void because, (1) the application for guardianship disclosed that applicant resided in Tillman County, Oklahoma, (2) that applicant was not the mother, but the grandmother of the minors who owned the property, and (3) that the application does not show that the minors resided in Clay County, Texas. Defendant answered by general denial and plea of not guilty.

The record indicates that defendant claimed the whole title to the leasehold interest in the land, had developed it and had taken large quantities of oil and gas from the land; hence the 1/40th interest in controversy has a substantial value.

Trial was had to the court without a jury and a take nothing judgment was entered against plaintiff, from which judgment it has appealed.

Plaintiff concedes that its suit involves a collateral attack on the judgment of the probate court in Clay County, appointing a guardian for the minor owners of the estate sued for, under which appointment and subsequent orders plaintiff's pleadings assert that defendant claims the title. It was stipulated upon the trial that the guardianship proceedings in Clay County were had approximately two years prior to similar guardianship proceedings had in Dallas County, under which plaintiff claims title to the 1/40th interest here involved. It also appears that defendant had developed the tract of land for oil and gas production, under his claims, when the guardianship proceedings were had in Dallas County, under which plaintiff claims.

■ Where, as in this case, an action in trespass to try title is predicated upon the invalidity of a judgment by another court of record, under which the defendant claims, it will generally be regarded as purely a collateral attack on the judgment of such other court. 25 Tex.Jur. 758, sect. 287.

In such collateral attack as we have here, the sole question for our determination is: Were the probate proceedings in Clay County void? We think not. Here are our reasons for having reached this conclusion:

■ Section 15, Art. 5, of the State Constitution Vernon's Ann.St. provides for the establishment in each county of a County Court, which shall be a court of record. Section 16 of Art. 5 provides that such county courts shall have general jurisdiction in all probate matters arising in that county; this involves the appointment of guardians of minors, as in this case. The plaintiff does not question the correctness of these principles. But plaintiff does attack the judgment of the probate court of Clay County, in which the guardian was appointed and the conveyance by that guardian of the oil lease under which defendant claims, asserting it to be void for lack of jurisdiction of the court.

The jurisdiction of the court is attacked upon the ground that the application for appointment of the guardian recites that applicant resides in Tillman County, Oklahoma; the application further recites: "That your applicant is in no way disqualified and is a proper person to act as guardian of the persons and estates of the said minors." No question is raised as to notice in the proceedings, nor to any subsequent orders and decrees concerning the execution of the lease under which defendant holds. More than two years after the grandmother of the minors was appointed guardian by the Clay County Court, the mother of said minors filed in that court a waiver of her preferential right to guardianship of the two minors and specifically assented to the prior appointment of the grandmother as such guardian and ratified and confirmed the acts of the grandmother as guardian in all matters pertaining to the estate of the minors.

About two years after filing the waiver and ratification last above referred to, the mother made application in Dallas County for letters of guardianship of the person and estate of said two minors, and after appointment, procured an order from that court to lease the interest of said minors to plaintiff, and under that lease plaintiff claims the 1/40th interest sued for.

The judgment of the probate court of Clay County, which is here collaterally attacked, among other things recites that the matter of application for letters of guardianship of the named minors came on to be heard, that notice thereof had been given and that the applicant is qualified to receive letters of guardianship. The judgment then proceeds to make the appointment and names the amount and nature of the bond required.

■ As we read the judgment, it contains all of the requisite findings by the court to make it valid in every respect. It is true, as contended by plaintiff, the application recites that applicant resides in Tillman County, Oklahoma, and while Sect. 6 of Art. 4111, Vernon's Ann.Civ.St., provides no guardian shall be a non-resident of Texas, yet since that article of the statute is designated as one of venue, and there is no finding of the court that applicant is a non-resident of the state, but finds that the applicant is qualified to receive letters of guardianship, we think the judgment is not ambiguous, nor does it disclose a lack of jurisdiction, but affirmatively shows jurisdiction.

■ It is a universally settled rule of law in this state that a judgment regular on its face, rendered by a domestic court of general jurisdiction, cannot be collaterally attacked by evidence aliunde of any fact which the court must have passed upon in rendering the judgment. Farmer v. Saunders, 60 Tex.Civ.App. 197, 128 S.W. 941; Redmond v. Crowley, 123 Tex. 315, 41 S.W.2d 274, 70 S.W.2d 1113.

■ It is only when the judgment collaterally attacked is ambiguous and not complete within itself that resort may be had to former pleadings or to what is sometimes called the "record" or the "judgment roll". Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152.

■ Plaintiff cites and relies upon what was said in Balfour v. Collins, 119 Tex. 122, 25 S.W.2d 804, to sustain its contention that the appointment of the Clay County guardian was void. The cited case is readily distinguishable from the instant one. There, an application for ad-

ministration was made in a county other than the one having venue of the estate of deceased. The application was contested because the application disclosed that applicant resided in a county not having jurisdiction of the estate of deceased. The contest was denied and applicant was appointed. Appeal was perfected from the order making the appointment, and it was held that the contest should have been sustained and the application denied because in violation of Articles 3293 et seq. R.C.S. Without determining whether the same rule would apply in administration proceedings as in guardianship, if we concede that the rule is the same, the distinction in that and this case is that there was an appeal from the judgment complained of, which is tantamount to a direct attack thereon, whereas in this case it is purely a collateral attack.

It must be conceded that Clay County had general jurisdiction of all probate matters arising in that county. Article 4113, Vernon's Ann.Civ.St., provides that any person may make application for letters of guardianship to the court having jurisdiction. Under provisions of Art. 4117, the county judge may make an appointment of a guardian without an application by any one. It necessarily follows that the court must determine upon a hearing, either of an application or as to one selected by him without an application, whether or not such person under consideration is a competent and suitable person and not disqualified to receive letters. Having heard and considered the appointment of such person as was done in this case, the appointment would not be void even if he erroneously determined those factors. An erroneous judgment entered by a court having jurisdiction is not void. Generally, the only defect that will make a judgment by a court of record void, is a want of jurisdiction. 25 Tex.Jur. 693, sect. 254. If the probate court of Clay County had jurisdiction in this guardianship proceeding (and it undoubtedly had) its judg- may have been voidable for some reason and subject to a direct attack, but it will not be disregarded in a collateral proceeding such as this. 25 Tex.Jur. 699, sect. 257. The same text at page 700 says: "When, according to the established practice, a court has acquired jurisdiction over a controversy, it becomes invested with power to decide every question which arises therein, either correctly or incorrectly, for jurisdiction includes the power to decide either way. It follows that mere error or irregularity will not make a judgment void, if the court rendering it had jurisdiction." So, when the Clay County court in this case decided that the applicant was qualified to receive letters of guardianship, it may have erroneously and improperly so decided, yet such error, if it was error, did not destroy the jurisdiction of the court to pass upon that question, or otherwise render the judgment void.

Although the application recited that applicant resided in Tillman County, Oklahoma, we may observe that the statute does not require that applicant's residence be shown, and such statement may be treated as surplusage. Moreover, the whole matter was heard by the court, and from the judgment entered we may assume that the facts before the court disclosed that applicant was not in fact a nonresident of the state; the testimony may have disclosed that she resided temporarily in Oklahoma at the time of making the application, retaining her legal residence in Clay County, Texas; this for the reason the court found in the judgment that she was qualified to receive letters of guardianship.

In Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, the court had under consideration the validity of a sale of real estate by a guardian, where it seems that the application did not recite the necessity for such sale, but the judgment entered recited a finding of necessity, and it was held that in the absence of such showing in the application, the order of sale would not be void and subject to collateral attack.

Similar in principle is the well established rule announced in Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325. There a collateral attack was made on a judgment by a court of general jurisdiction. The judgment on its face recited service of process in the manner and for the time required by law. It was held that logically such a judgment would be void, but on grounds of public policy, the courts, in order to protect property rights, will apply a rule of absolute verity to judgments of courts of general jurisdiction, and that they may not be collaterally attacked under proof of facts dehors the record that no process was served upon the defendant against whom judgment was entered.

Finding no error in the trial court's judgment refusing to declare the judgment

of the probate court of Clay County void, the points raising the question are overruled and the judgment is affirmed.