

# The Attorney General of Texas

December 21, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Stubblefield
Williamson County Attorney
Williamson County Courthouse
Georgetown, Texas 78626

Opinion No. MW-110

Re: Whether V.T.C.S. article 3912k applies to the county judge.

Dear Mr. Stubblefield:

You have requested the opinion of this office concerning two questions: (1) Is article 3912k, V.T.C.S., and specifically the salary grievance committee portion thereof, applicable to the county judge of Williamson County and (2) does the salary grievance committee have jurisdiction to consider a request by the county judge of Williamson County for an allowance for hospitalization and retirement.

Article 3912k, V.T.C.S., provides in part:

Section 1. ... the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds. ...

Sec. 2.(a) The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing. ...

. . . .

(d) Any elected county or precinct officer who is aggrieved by the setting of his salary, expenses, or other allowance by the commissioners court may request a hearing before the [salary grievance] committee. ...

. . . .

Sec. 7. Nothing in this Act applies to compensation, expenses, or allowances of:

. . . .

> (4) judges of all courts of record and presiding judges of commissioners courts in counties having a population of 1,700,000 or more. . . .

Your first question concerns the exception of "judges of all courts of record" from the application of article 3912k by section 7(4) quoted above. The county judge serves as the presiding judge of the county court, which is a court of record. Tex. Const. art. V, § 15. Stewart Oil Co. v. Lee, 173 S.W.2d 791 (Tex. Civ. App. — Fort Worth 1943, writ ref'd w.o.m.). However, the county judge also serves as presiding judge of the commissioners court. Tex. Const. art. V, § 18. Akers v. Remington, 115 S.W.2d 714 (Tex. Civ. App. — Fort Worth 1938, writ dism'd).

In construing the meaning of the exception in section 7(4) of article 3912k, V.T.C.S., we must be guided by the rule of construction which requires that all the language and every part of a statute shall be given effect and that a statute be construed as a whole to give effect to the entire act. State v. Jackson, 370 S.W.2d 797 (Tex. Civ. App. — Houston 1963), aff'd, 376 S.W.2d 341 (Tex. 1964); Texas Liquor Control Board v. Falstaff Distributing Company, 369 S.W.2d 483 (Tex. Civ. App. — Houston 1963, no writ). We note that section 7(4) also excludes "presiding judges of commissioners courts in counties having a population of 1,700,000 or more, according to the last preceding Federal Census" from article 3912k, V.T.C.S. To give any meaning to this provision we must apply the provisions of article 3912k, V.T.C.S., to all other presiding judges of commissioners courts. Therefore, the provisions of article 3912k, V.T.C.S., and the salary grievance committee portion thereof, are applicable to all county judges except those in counties having a population of 1,700,000 or more, according to the last preceding Federal Census. We understand that this construction is consistent with the actual practice throughout the state since article 3912k was enacted in 1971.

Your second question concerns whether the salary grievance committee may consider a request for an allowance for hospitalization and retirement. Under section 2(d) of article 3912k, the salary grievance committee may consider and recommend to the commissioners court a change in the salary, expenses, or other allowance of the person requesting the hearing. A recommendation signed by all voting members of the committee becomes effective without further action. Section 8, article 3912k, V.T.C.S., repeals all local, special, or general law which prescribes the allowances for officials covered by the act. Those allowances are now authorized by article 3912k. See Tex. Const. art. III, § 44; Attorney General Opinions H-860 (1976), M-1124 (1972). These allowances may include a provision for hospitalization and retirement.

## SUMMARY

The provisions of article 3912k, V.T.C.S., apply to all county judges except those in counties having a population of 1,700,000 or more, according to the last Federal Census. The county salary grievance

committee may consider a request by the county judge for an allowance for hospitalization and retirement.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Jim Allison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Bob Gammage
Rick Gilpin