

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

December 22, 1948

Hon. M. B. Morgan, Commissioner
Bureau of Labor Statistics
Austin, Texas

Opinion No. V-752.

Re: The authority of the Chief Deputy Commissioner, Bureau of Labor Statistics, to execute instruments to disburse State funds instead of the Commissioner when the latter is absent from the Capitol.

Dear Sir:

You request our opinion on the following question:

"In my absence from the Austin office, is it possible, within the law, for my Chief Deputy to sign his name in my stead to instruments calling for disbursement of State funds of this Department?"

Our statute places the Bureau of Labor Statistics "under the charge and control of the Commissioner of Labor Statistics" (Art. 5145) and provides that his "office shall be in the Capitol Building." Art. 5144. Article 6814, V. C. S., provides for "the Commissioner of Labor Statistics . . . a chief deputy . . . (and) . . . deputies." Article 4355, V. C. S., provides: "all claims and accounts against the State shall . . . provide for the entering thereon . . . the . . . 1. signature of the head of the department or other person responsible for incurring the expenditure."

In the Employment and Labor Agency Law (V. C. S., Art. 5221a-4, Sec. 1. (g) ) the term "deputy" is defined "as any person who is duly authorized by the Commissioner to act in that capacity." Tex. Jur. in

Hon. M. B. Morgan, page 2 (V-752)

the article entitled "Public Officers," 34 Tex. Jur. 605, par. 156, says:

> "The business of a deputy is to perform the duties of his principal. In the absence of a statutory provision to the contrary, he is generally authorized to do all such official acts as may lawfully be done by his principal, except to appoint a deputy . . . The duties imposed by the statute on an officer, when performed, are regarded in law as performed by him, whether actually so performed (by him) or by his authorized deputy. In other words, the official acts of the deputy are the acts of the principal."

Waggoner v. Urban, 177 S. W. 270, 273 states:

> "A public official is not authorized to delegate his official duties to another, other than to a deputy."

26 C. J. S. 978 defines a deputy as:

> "One appointed as the substitute of another, and empowered to act for him in his name or on his behalf; one who is appointed, designated, or deputed to act for another; one who by appointment exercises an office in another's right; one who occupies in right of another, and for whom his superior will regularly answer; a clerk or similar person with all the powers of the principal. The position of a 'deputy,' as the word implies, is that of a subordinate, and he has power to do every act which his principal might do, but a deputy may not make a deputy. The term is used in composition with the names of various executive officers to denote assistants empowered to act in their names, as deputy collector, deputy marshal, deputy sheriff."

In Bigham v. State, 148 S. W. (2d) 835, 840, the Court of Criminal Appeals in holding a deputy supervisor of the Railroad Commission to be an officer indictable as such for accepting a bribe, said:

"That one is called a deputy carries
with it the fact that he is an alter ego for
his superior, being charged with all the du-
ties as well as the responsibilities of his
superior, and empowered to perform the acts
and discharge the duties of such superior,
and to that extent becoming the superior of-
ficer himself in his superior's absence. If
the superior be denominated an officer, then
the deputy would also be such an officer."

In United States v. Rockefeller, 221 Fed.
462, it was held that where Congress having author-
ized the appointment of deputy clerks to the district
court without specifically defining or prescribing
their duties, it must be assumed that it was intended
that the word "deputy" should have an ordinary and usu-
al meaning, as a person to whom the duties of a clerk
are deputed, and the deputy clerk, in the event that
the clerk is incapacitated, absent or disabled, and
cannot perform the duties which the law imposes on him,
may act, and therefore it did not affect the validity
of an indictment that the names were placed in the jury
box from which grand jurors were drawn by the deputy
clerk and not by the clerk.

46 C. J. Title "Officers" p. 1063 states:

"When the law authorizes an officer to
appoint a deputy without any express limita-
tion upon his power, the duties of the office
may be performed by either, and a deputy may
exercise any of the duties pertaining to the
office, as the necessity or convenience of
the public may demand their use, . . ."

A great variety of duties are imposed upon
the Commissioner of the Bureau of Labor Statistics. He
supervises and enforces the Boxing and Wrestling Law,
the Boiler Inspection Law, the Health, Safety and Mor-
als Law, the Child Labor Law, the Semi-Monthly Pay Day
Law, the Employment and Labor Agency Law, the Spider
Law concerning cotton bales, the 9-54 Hour Law for Wom-
en, and many others. To assist and help the Commis-
sioner in the performance of his duties the statutes
authorize the appointment of deputies. "The business
and object of a deputy is to perform the duties of his
principal." Rose v. Newman, 26 Tex. 131, 135, 80 Am.
Rep. 646.

Hon. M. B. Morgan, page 4 (V- 752)


The statutes do not set out the duties, nor do they place any limitation upon the duties, of either the chief deputy or deputies. The Legislature in its wisdom has seen fit to authorize the appointment of a chief deputy and deputies and does not specifically define or describe their duties. It must therefore be assumed that the Legislature intended that the word "chief deputy" and "deputy" should have their ordinary and usual meaning.

In view of the foregoing, the Commissioner may in his absence from the Capitol designate the chief deputy to approve instruments calling for disbursement of State funds in that department and should you desire to so designate your chief deputy, then we suggest that you so notify the Comptroller of Public Accounts and the State Treasurer. This, in our opinion, is not absolutely essential, but it would be advisable.

### SUMMARY

The Commissioner of the Bureau of Labor Statistics may designate his chief deputy to execute instruments to disburse State funds in his stead when he is absent from the Capitol.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By David Wuntch
Assistant

DW:lh:wb:bh

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL